Eric H. Gibbs (California Bar No. 178658)
Matthew B. George (California Bar No. 239322)
Scott Grzenczyk (California Bar No. 279309)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
ehg@girardgibbs.com
mbg@girardgibbs.com
smg@girardgibbs.com

Counsel for Individual and Representative Plaintiff Hoa Tran

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOA TRAN,<br><br>Plaintiff,<br><br>v.<br><br>SVTC TECHNOLOGIES, INC.; SVTC SOLAR, INC.; SVTC TECHNOLOGIES, LLC,<br><br>Defendants. | CASE NO: 5:12-CV-04970-EJD<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Edward J. Davila<br>Date: July 12, 2013<br>Time: 9:00 a.m.<br>Courtroom: 4 |

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. GENERAL CASE BACKGROUND AND TERMS OF THE SETTLEMENT ..... 2

A. SVTC Ceases Business Operations in September 2012 ..... 2

B. Plaintiff Files A Complaint Alleging SVTC Violated The WARN Act ..... 2

C. SVTC Liquidates Its Business Due To Insolvency ..... 3

D. SVTC Answers Plaintiff's Complaint And Seeks A WARN Act Exemption From The State of California ..... 3

E. The Parties Conduct Informal Discovery and Reach a Proposed Settlement ..... 4

III. THE COURT SHOULD GRANT PRELIMINARY APPROVAL ..... 6

A. The Court Should Conditionally Certify the Proposed Classes ..... 7

1. The Proposed WARN Class Satisfies the Civil Rule 23(a) Criteria ..... 8

2. The Proposed Class is Maintainable Under Rule 23(b)(3) ..... 9

B. The Proposed Settlement Merits Preliminary Approval ..... 10

1. The Proposed Settlement is Within the Range of Reasonableness ..... 10

2. This Settlement is Also Fundamentally Fair, Adequate, and Reasonable ..... 12

3. Plaintiffs Are Entitled to Reasonable Attorneys' Fees and Costs ..... 13

C. The Court Should Order Dissemination of Class Notice as Proposed ..... 14

D. The Court Should Set a Schedule for Final Approval ..... 15

IV. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

## Federal Cases

*Amchem Prods. Inc. v. Windsor*
521 U.S. 591 (1997) ........ 6, 7, 10

*Armstrong v. Bd. of Sch. Dir.*
616 F.2d 305 (7th Cir. 1980) ........ 7

*Burns v. Stone Forest Indus., Inc.*
147 F.3d 1182 (9th Cir. 1998) ........ 11

*Chun-Hoon v. McKee Foods Corp.*
2009 WL 3349549 (N.D. Cal. Oct. 15, 2009) ........ 7, 10

*Finnan v. L.F. Rothschild & Co.*
726 F. Supp. 460 (S.D.N.Y. 1989) ........ 7

*Gribble v. Cool Transports Inc.*
2008 WL 5281665 (C.D. Cal. Dec. 15, 2008) ........ 10, 13

*Grimmer v. Lord, Day & Lord*
1996 WL 139649 (S.D.N.Y., Mar. 8, 1996) ........ 7

*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998) ........ 6, 8

*In re M.L. Stern Overtime Litigation*
2009 WL 995864 (S.D. Cal. April 13, 2009) ........ 7

*In re: Mercury Interactive Corp. Sec. Litig.*
618 F.3d 988 (9th Cir. 2010) ........ 14

*International Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-Ven Co.*
170 F.3d 779 (7th Cir. 1999) ........ 3

*Jones v. Kayser-Roth Hosiery*
748 F. Supp. 1276 (E.D. Tenn. July 18, 1990) ........ 7

*Jurcev v. Cent. Cmty. Hosp.*
7 F.3d 618 (7th Cir. 1993) ........ 7

*Officers for Justice v. Civ. Serv. Comm'n of City and Cty. of San Francisco*
688 F.2d 615 (9th Cir. 1982) ........ 12

*Pearson v. Component Tech. Corp.*
247 F.3d 471 (3rd Cir. 2001) ........ 7

*Quevedo v. Dole Food Co., Inc.*
2005 WL 3783455 (E.D. Cal. Apr. 18, 2005) ........ 11, 13

*Quintero v. Mulberry Thai Silks, Inc.*
2008 WL 4666395 (N.D. Cal. Oct. 22, 2008) ........ 7, 8, 9

*Staton v. Boeing Co.*
327 F.3d 938 (9th Cir. 2003) ........ 6

*Torrisi v. Tucson Elec. Power Co.*
8 F.3d 1370 (9th Cir. 1993) ........ 12, 13

*Wright v. Linkus Enter., Inc.*
259 F.R.D. 468 (E.D. Cal. July 29, 2009) ........ 14

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

**Federal Statutes**

28 U.S.C. § 1331 ..... 1
28 U.S.C. § 1367 ..... 1
29 U.S.C. § 2101 ..... 2
29 U.S.C. § 2101(a)(3) ..... 2
29 U.S.C. § 2102 ..... 1, 2
29 U.S.C. § 2102(b)(1) ..... 3
29 U.S.C. § 2104(a)(5) ..... 1, 8
29 U.S.C. 2104(a)(6) ..... 13
Fed. R. Civ. P. 23(a)(1) ..... 8
Fed. R. Civ. P. 23(a)(2) ..... 8
Fed. R. Civ. P. 23(a)(3) ..... 8
Fed. R. Civ. P. 23(a)(4) ..... 9
Fed. R. Civ. P. 23(b)(3) ..... 9
Fed. R. Civ. P. 23(c)(2)(b) ..... 14
Fed. R. Civ. P. 23(e) ..... 6, 10
Fed. R. Civ. P. 23(e)(1) ..... 14

**State Statutes**

Cal. Code Civ. Proc. § 1493.010 ..... 3
Cal. Code Civ. Proc. § 1493.020 ..... 3
Cal. Code Civ. Proc. § 1493.030 ..... 3
Cal. Code Civ. Proc. § 1493.040 ..... 3
Cal. Code Civ. Proc. § 1493.050 ..... 3
Cal. Code Civ. Proc. § 1493.060 ..... 3
Cal. Code Civ. Proc. § 1800 ..... 3
Cal. Code Civ. Proc. § 1801 ..... 3
Cal. Code Civ. Proc. § 1802 ..... 3
Cal. Lab. Code § 1400 ..... 3
Cal. Lab. Code § 1401 ..... 3
Cal. Lab. Code § 1402.5(a)(1) ..... 3
Cal. Lab. Code § 1404 ..... 1, 7, 13

**Other Authorities**

4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11.25 (4th ed. 2002) ..... 7
*Manual for Complex Litigation*, § 21.632 ..... 7
*Manual for Complex Litigation*, Second § 30.44 (1985) ..... 7
*Manual for Complex Litigation*. (Fourth) §§ 21.632-34 (2004) ..... 6

## I. INTRODUCTION

The settlement presented here resolves a class action brought on behalf of approximately 130 former employees of Defendants SVTC Technologies, Inc., SVTC Solar, Inc., and SVTC Technologies, LLC (collectively "SVTC"), for damages relating to the termination of their employment. Specifically, the settlement will resolve Plaintiff's claims that SVTC violated the California and federal WARN Acts when employees were terminated without 60 days of advance notice in connection with the shut-down of SVTC's business operations at its San Jose headquarters in the fall of 2012. The settlement will provide $117,500 to resolve this class action, which includes payments to each class member, as well as attorneys' fees and costs that the Court may award. In exchange, SVTC will obtain releases of all claims which were or could have been brought in this lawsuit.

By this Motion, the Parties[1] seek entry of the proposed order attached hereto as Exhibit A to the Settlement Agreement:

(1) granting preliminary approval of the settlement proposed by the Parties (the "Settlement"), on the terms set forth in the Settlement Agreement attached as Exhibit 1 to the Declaration of Matthew B. George ("George Decl.");

(2) certifying the class for settlement purposes only;

(3) approving the proposed form and manner of notice to the class attached as Exhibit B to the Settlement Agreement; and

(4) setting a final fairness hearing for determining final settlement approval and Class Counsel's fee and expense application.

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367, as well as 29 U.S.C. §§ 2102, 2104(a)(5), and California Labor Code § 1404. The Court has the authority to enter the relief requested in Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 23. As discussed herein, this Court should grant preliminary approval of the Settlement because the Settlement it is fair, reasonable, and adequate and meets all of the requirements of Federal Rule of Civil Procedure 23.

---

[1] Capitalized terms have the same meaning as set forth in the Settlement Agreement.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

## II. GENERAL CASE BACKGROUND AND TERMS OF THE SETTLEMENT

### A. SVTC Ceases Business Operations in September 2012

Founded in 2004, SVTC developed and manufactured semiconductor and solar panel products, specializing in nanotechnology development and commercialization. George Decl., Ex. 2 at 1-3. SVTC maintained its corporate headquarters and a development and manufacturing facility in San Jose, California, and also had an "advanced technology center" in Austin, Texas. *Id*. SVTC employed approximately 130 employees at the San Jose, California facility. *Id*. at 3.

In 2012, SVTC experienced financial problems that ultimately led to a decision to close the business. *Id*. As a result, SVTC issued WARN Act notices to employees on September 18, 2012, stating that their jobs would be terminated between November 17 and December 1, 2012. However, SVTC could not keep the employees that long and after a series of layoffs, all were let go by September 28, except for some who worked in early October to assist in the wind-down of the San Jose facility. *Id*. at 11-12. SVTC simultaneously closed its operations at its fabrication facility in Austin, Texas.

### B. Plaintiff Files A Complaint Alleging SVTC Violated The WARN Act

Plaintiff Tran was employed as an Equipment Technician Specialist at SVTC's San Jose facility. After being notified of his imminent termination, Plaintiff filed this proposed class action on September 24, 2012, alleging that SVTC violated both the federal and California WARN Acts, 29 U.S.C. § 2101, *et seq*., and California Labor Code § 1400, *et seq*., as a result of its shut down of operations and the accompanying layoffs. Dkt. No. 1. Plaintiff, whose last day of work was September 28, 2012, alleged that he and the other laid off employees should have been provided 60 days of advance notice prior to their terminations and that they were owed damages in the form of 60 days of wages, benefits, attorneys' fees, and costs of suit. *Id*.

In general terms, the federal WARN Act requires that an employer that conducts a "mass layoff" or plant closing resulting in the termination of 50 or more employees must provide the employees with 60 days' advance notice of termination. *See* 29 U.S.C. §§ 2101-2102. A "mass layoff" occurs when a reduction in force results in the loss of employment of at least 50 employees and at least 33% of the employer's workforce. *Id.* § 2101(a)(3). The California WARN Act requires that any employer which has more than 75 employees and which conducts a "mass layoff," defined as "a layoff during any 30-day

period of 50 or more employees" or a "termination," defined as the "cessation or substantial cessation of industrial or commercial operations," must provide 60 days' notice to the employees prior to their termination. Cal. Lab. Code §§ 1400-1401. Plaintiff alleges SVTC violated both the federal and California WARN Acts by shutting down its operations in San Jose, California, resulting in employees losing their jobs without proper notice or severance pay.

**C. SVTC Liquidates Its Business Due To Insolvency**

After closing its doors, SVTC began liquidating its business due to insolvency. First, SVTC sold the Austin, Texas, fabrication facility to Novati Technologies, Inc., an affiliate of Tezzaron Semiconductor Corporation, who hired most or all of SVTC's workers at that facility.[2] George Decl., Ex. 1 at ¶ 2. On or about October 15, SVTC Technologies, LLC, executed a general assignment for the benefit of creditors ("Assignment") in favor of California Assignments, LLC ("Assignee"). *Id*., Ex. 4; Cal. Code Civ. Proc. §§ 493.010-493.060; 1800-1802. An Assignment is similar to a Chapter 7 bankruptcy proceeding but instead of the United States Bankruptcy Court overseeing the liquidation, it is handled privately and California law applies. George Decl., Ex. 4 at 2. SVTC's Assignment was severely impacted by an outstanding $20 million secured loan to Wells Fargo Bank, from which the proceeds of the sale of the Austin, Texas facility were used to pay down. *Id*. SVTC also sold its San Jose real property and fabrication equipment, as well as the solar division of the company and applied those proceeds to the balance of the Wells Fargo secured loan. *Id*., Ex. 5. Further compounding SVTC's financial problems were operating losses of more than $16 million in 2012. *Id*., Ex. 5 at 2.

**D. SVTC Answers Plaintiff's Complaint And Seeks A WARN Act Exemption From The State of California**

On October 17, 2012, SVTC answered the allegations in Plaintiff's Complaint and asserted a number of affirmative defenses, including the statutory defense available under the WARN Act often referred to as the "faltering company" defense. Cal. Lab. Code § 1402.5(a)(1); 29 U.S.C. § 2102(b)(1).

---

[2] Plaintiff originally filed his Complaint on behalf of the employees in Austin, Texas, but they are not included in the proposed settlement because they quickly obtained re-employment with the purchaser of the Austin plant. *See e.g. International Oil, Chemical & Atomic Workers, Local 7-517 v. Uno-Ven Co.*, 170 F.3d 779, 783-84 (7th Cir. 1999).

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

In accordance with that defense, on October 31, 2012, SVTC, submitted a formal request to the California Department of Industrial Relations ("DIR") to be exempted from the WARN Act. George Decl., Ex. 2. SVTC's request contended that it was seeking investors, financing and capital at the time WARN Act notice should have been provided in July 2012 that would have saved the business or delayed the layoffs. *Id.* SVTC also contends that if WARN Act notice had been provided to employees in July 2012 it would have ruined its negotiations with prospective investors and customers. *Id.* In support of its application, SVTC submitted declarations of Jack Sexton, SVTC's Chief Financial Officer, and Bryce Dakin, managing director of investment banking firm, GCA Savvian Advisors, who were involved with SVTC's efforts to obtain funding, as well as hundreds of documents. *Id.*[3]

**E. The Parties Conduct Informal Discovery and Reach a Proposed Settlement**

In December 2012, at an early conference of counsel, Plaintiff learned that SVTC had filed a formal request for exemption from the WARN Act with the DIR. George Decl., ¶ 4. Accordingly, the Parties agreed to continue the Rule 26 meeting and original case management conference to permit review of SVTC's filing with the DIR, obtain more information about SVTC's Assignment, and to allow the Parties some time to explore the possibility of settlement. *Id.* Accordingly, Plaintiff's counsel reviewed SVTC's filing as well as prior opinion letters from the DIR granting other companies similar requests for WARN Act exemptions. *Id.*, ¶¶ 4-5. SVTC's comprehensive filing with the DIR contained the same documents and testimony Plaintiff would have sought in formal discovery, providing Plaintiff with sufficient information to reliably assess the merits of the respective Parties' positions. *Id.*, ¶ 4. Plaintiff's counsel also had a meeting with with the Assignee and its counsel to obtain more information about SVTC's liquidation and outstanding creditors. *Id.*, ¶¶ 6-7. Plaintiff was informed that with the outstanding secured debt to Wells Fargo and the company's other debts and operating losses, it was unlikely any creditors other than Wells Fargo were going to be paid through the Assignment. *Id.*

---

[3] Plaintiff is only filing herewith SVTC's position statement submitted to the DIR and not the accompanying declarations and exhibits which total hundreds of pages and contain many redactions to protect the identities of potential investors who signed non-disclosure agreements with SVTC. However, the documents can be provided to the Court upon request.

Plaintiff's informal discovery efforts provided sufficient information about SVTC's affirmative defenses and its financial situation necessary to evaluate the risks of continued litigation and whether a settlement would be in the best interests of the class. Accordingly, the parties negotiated a proposed settlement fund of $117,500, which will provide compensation to each member of the proposed class without them having to file a claim. *Id.*, Ex. 1. The salient terms of the Settlement Agreement are as follows:

- A class will be conditionally certified for settlement purposes only and shall be defined as "All persons who were employed by SVTC in San Jose, California and were terminated on or within 45 days of September 28, 2012, without receiving a full 60 days' notice in advance of their termination."
- In exchange for the Class Members' release of the settled claims, SVTC will pay $117,500, which amount includes attorneys' fees and costs, including the costs of administration of the Settlement, as may be awarded by the Court.
- Plaintiff's counsel will provide notice of the Settlement to the Class Members, who shall have a right to opt out of the Settlement Agreement. If any Class Member timely and properly opts out then that Class Member's rights and obligations will be unaffected by this Settlement Agreement and that Class Member shall have the same rights and obligations as he or she would have had if the lawsuit had never been filed and this Settlement Agreement had never been executed.
- Each Class Member will have his or her potential WARN Act claim calculated using a formula that will take into account that Class Member's rates of pay and the Class Member's date of termination. Each WARN Settlement Class Member will then be entitled to a payment of a pro rata amount of the settlement fund based on the relationship his or her claim bears to the aggregate of the total of the Class Members' claims.
- Class Members will **<u>not</u>** have to file claims to obtain their settlement checks.
- Any unclaimed Settlement Funds will be distributed to any unidentified Class Members who may come forward, and then as a *cy pres* distribution to the Legal Aid Society – Employment Law Center of San Francisco. No portion of the settlement fund will revert to SVTC for any reason, or be retained by Class Counsel.
- Class Counsel shall retain Gilardi & Co., Inc. (the "Claims Administrator") to facilitate the administration of the Settlement and distribution of the Settlement Amount. The Claims Administrator will establish a "Qualified Settlement Fund" to effectuate the distribution of the Settlement Amount as provided by the Settlement Agreement and the orders of the Court.
- SVTC has agreed not to oppose Class Counsel's request for attorneys' fees not to exceed 25% of the settlement fund ($29,375), and costs, including the costs of administration of the Settlement, not to exceed $7,500. The Settlement Administrator's fee is expected to be capped at $5,000.

- All amounts to be paid to the Class Members shall constitute wages reportable on IRS Form W-2. The Claims Administrator shall withhold any employee and employer payroll taxes required by federal, state or local law from the settlement payments and shall issue an IRS Form W-2 to each Settlement Class Member.

A class action settlement like the one proposed here must be approved by the Court to be effective. *See* Fed. R. Civ. P. 23(e). The process for court approval is comprised of three principle steps:

1. A preliminary approval hearing, at which the court considers whether the proposed settlement is within the range of reasonableness possibly meriting final approval;
2. Dissemination of notice of the proposed settlement to class members for comment; and
3. A formal "fairness hearing," or final approval hearing, at which the Court decides whether the proposed settlement should be approved as fair, adequate, and reasonable to the class.

*See Manual for Complex Litigation*. (Fourth) §§ 21.632-34 (2004). By this Motion, Plaintiff asks the Court to take the first step in the settlement approval process and grant preliminary approval of the settlement.

## III. THE COURT SHOULD GRANT PRELIMINARY APPROVAL

When considering a settlement reached prior to class certification, the Court must assess "both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). First, the Court "must assess whether a class exists." *Id.* (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). Second, at the final approval stage, after the class members have been notified of the proposed settlement and have had an opportunity to comment or opt out, the Court must evaluate "whether a proposed settlement is fundamentally fair, adequate, and reasonable," and, in so doing, "'must pay "undiluted, even heightened, attention" to class certification requirements.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

At the preliminary approval stage, however, the Court determines only whether the settlement falls "within the range of possible approval, such that there 'is any reason to notify the class members of the proposed settlement and proceed with a formal fairness hearing.'" *In re M.L. Stern Overtime*

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

*Litigation*, No. 07-CV-0118-BTM, 2009 WL 995864, *3 (S.D. Cal. April 13, 2009) (quoting *Armstrong v. Bd. of Sch. Dir.*, 616 F.2d 305, 314 (7th Cir. 1980).

"[I]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing." *Chun-Hoon v. McKee Foods Corp.*, No. C 05-0620 VRW, 2009 WL 3349549, *2 (N.D. Cal. Oct. 15, 2009) (quoting Manual for Complex Litigation, Second § 30.44 (1985)). In other words, the Court makes only a preliminary determination of the settlement's fairness, reasonableness, and adequacy, pointing out any settlement terms that are so unacceptable at the outset that a formal fairness hearing would be a waste of time. *See Manual for Complex Litigation*, § 21.632; 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 11.25 (4th ed. 2002).

**A. The Court Should Conditionally Certify the Proposed Classes**

The four prerequisites of numerosity, commonality, typicality and adequacy of representation as set forth in Federal Rule 23(a) must be satisfied to certify a class for settlement purposes. *Amchem*, 521 U.S. at 620. Once the threshold requirements are met, the plaintiff must also show that the class is maintainable under one category of Rule 23(b). The parties have agreed, for purposes of settlement only, to request conditional certification of the WARN Class pursuant to Rule 23(b)(3).

Courts have routinely held that the WARN Act is "particularly amenable to class litigation." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); *see also Grimmer v. Lord, Day & Lord*, No. 94-Civ.-8795, 1996 WL 139649, *8 (S.D.N.Y., Mar. 8, 1996) ("[T]he WARN Act provisions lend themselves to class actions because they provide for limited recovery."); *see also Quintero v. Mulberry Thai Silks, Inc.*, No. C 08-02294 MHP, 2008 WL 4666395 (N.D. Cal. Oct. 22, 2008) (granting class certification of WARN Act claims); *Pearson v. Component Tech. Corp.*, 247 F.3d 471 (3rd Cir. 2001); *Jurcev v. Cent. Cmty. Hosp.*, 7 F.3d 618 (7th Cir. 1993); *Jones v. Kayser-Roth Hosiery*, 748 F. Supp. 1276 (E.D. Tenn. July 18, 1990).

Additionally, both the federal and California WARN Acts specifically contemplate representative actions on behalf of similarly situated employees. Cal. Lab. Code § 1404 ("A person …

seeking to establish liability against an employer may bring a civil action on behalf of the person, *other persons similarly situated, or both*, in any court of competent jurisdiction.") (emphasis added); 29 U.S.C. § 2104(a)(5).

**1. The Proposed WARN Class Satisfies the Civil Rule 23(a) Criteria**

Numerosity: The numerosity prerequisite requires a finding that the putative class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). With a proposed class consisting of approximately 130 members, the numerosity requirement is clearly satisfied. *Quintero*, 2008 WL 4666395, at *3 (60 class members satisfied numerosity requirement in WARN Act case).

Commonality: Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Commonality is a test readily met where the defendant has acted uniformly in regard to the members of the class. The WARN Class is comprised of former employees of SVTC who allege they are entitled to unpaid wages in connection with the mass layoffs and plant shutdowns conducted in or about September 2012. In addition to the common factual basis for the WARN claims, common legal questions to be resolved include, without limitation: (1) whether the WARN Act applies to SVTC; (2) whether SVTC failed to comply with the WARN Act or was excused from compliance; (3) the appropriate legal standard to measure damages under the WARN Act; and (4) whether SVTC's "faltering company" affirmative defense common to all class members will prevail. As such, the WARN Class meets the commonality requirement under Rule 23(a).

Typicality: The proposed WARN Class also satisfies Rule 23(a)(3), which requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Like the commonality requirement, the typicality requirement is "permissive" and requires only that the representative's claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Plaintiff alleges that he suffered the same harm as the absent Class Members—they were all terminated from their employment on or around September 28, 2012, without receiving 60 days' notice—and that all Class Members are entitled to receive back pay to remedy the violations. Plaintiff contends that the *only* variation in proof among the Class Members relates to the amount of damages allegedly due to each Class Member, which, in any event can be calculated using available data and

legally prescribed formulas (discussed further in section III.B.1 below). As such, Plaintiff's claims are typical of the WARN Class Members. *Quintero*, 2008 WL 4666395, at *4 ("Quintero's [WARN Act] claims are identical to the proposed class.")

Adequacy: Finally, the class satisfies the standards of Rule 23(a)(4), requiring that the class representative and class counsel "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiff has an interest in obtaining damages for the alleged violations of the WARN Act, as do the absent Class Members. There is no evidence or reason to believe that he has any conflict with the proposed class that would preclude him from serving as a class representative. *Quintero*, 2008 WL 4666395, at *4. Similarly, the proposed Class Counsel, Eric H. Gibbs and Matthew B. George of Girard Gibbs LLP, are very experienced in complex class actions, as well as in WARN Act litigation. *See* George Decl., ¶¶ 8, 10, Ex. 6. They are familiar with the applicable law and will devote the skills and time necessary to properly represent the WARN Class. *Id.*

**2. The Proposed Class is Maintainable Under Rule 23(b)(3)**

Once this Court determines that the prerequisites of Rule 23(a) are satisfied, it must then decide if the proposed settlement class is maintainable under one or more of the categories set forth in Rule 23(b). Under Rule 23(b)(3), a class may be certified where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The class satisfies the predominance test. The liability issues raised in the WARN Action are all essentially based on the same facts—*i.e.*, that on or about September 28, 2012, SVTC terminated the Class Members' employment as a result of a mass layoff or plant shutdown without advance notice, and the Class Members consequently seek recovery for unpaid wages. These facts give rise to common legal questions as to whether the SVTC's conduct created liability for the unpaid wages, and, there is also a predominance of common facts and legal theories as to SVTC's affirmative defenses. *Quintero*, 2008 WL 4666395, at *6 (Rule 23(b)(3) satisfied on WARN Act claims because "[t]here are minimal case management issues because the class members can be easily identified, the potential liability of defendant can be readily calculated, and the claims are centered around defendant's course of conduct.").

Further, Rule 23(b)(3) was designed to address cases where there are multiple claims for small damages and a class action would serve to vindicate "the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem*, 521 U.S. at 617. Without a class action, the costs of individual litigation in this case, as compared to the amount of damages, will be prohibitively high.

Based on the foregoing, the Court should certify the WARN Class for settlement purposes, appoint Hoa Tran as the Class Representative and appoint Girard Gibbs LLP as Class Counsel.

**B. The Proposed Settlement Merits Preliminary Approval**

Rule 23(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the Court." Fed. R. Civ. P. 23(e). This Motion requests that the Court grant preliminary approval of the Settlement Agreement, approve the proposed form and method of notice and proceed with the formal fairness hearing on a date to be set by the Court. If the Court grants this Motion, the Class Members will receive notice of the existence of the proposed settlement, their right to opt out, comment or object, and of the date, time and place of the formal fairness hearing. By adopting this procedure, the Court will assure Class Members of the protection of procedural due process and fulfill the Court's role in protecting the class interests.

**1. The Proposed Settlement is Within the Range of Reasonableness**

The proposed Settlement in this case is well within the range of reasonableness meriting preliminary judicial approval. The Settlement was negotiated at arm's length by counsel well versed in class and WARN Act litigation and is therefore entitled preliminarily to "a presumption of fairness." *Gribble v. Cool Transports Inc.*, No. CV 06-04836 GAF, 2008 WL 5281665, *9 (C.D. Cal. Dec. 15, 2008). The Settlement presented by the Parties contains no obvious deficiencies; it provides class relief proportionate to that sought in the complaints, does not grant preferential treatment to the proposed class representative, and does not provide for excessive attorneys' fees at the expense of the Class Members. *See Chun-Hoon*, 2009 WL 3349549, at *2. In addition, the pro rata formula for calculating each Class Member's payment, which is based on the relationship each Class Member's potential claim bears to the aggregate total of the claims, will result in a fair distribution to the Settlement Class Members.

An objective evaluation of the Settlement confirms that the relief for the Class is reasonable, given the value of their claims and the extenuating circumstances of an insolvent defendant. Class Members were originally provided WARN Notice on or about September 18, 2012, notifying them their employment would be terminated on November 17, 2012 at the earliest. George Decl., Ex. 2 at 12. However, most Class Members were let go on September 28, 2012, with some working in early October to wind down the business. *Id.* Under Ninth Circuit law, WARN Act damages are based on the number of days during the proper notice period the employee would have expected to work. *Quevedo v. Dole Food Co., Inc.*, No. 1:01-CV-6443 OWW, 2005 WL 3783455, at *2 (E.D. Cal. Apr. 18, 2005) citing *Burns v. Stone Forest Indus., Inc.*, 147 F.3d 1182, 1184 (9th Cir. 1998). Thus, most class members would have actually worked an additional 30-35 days had the full WARN notice period actually been provided and Class Members continued working through November 17, 2012. Accordingly, based on data provided by SVTC, Plaintiff estimates the potential value of the WARN claims for backpay and benefits to range between $1-2 million. George Decl., ¶ 9. Through the Settlement, the WARN Class Members will receive approximately 5-10% of this maximum amount or approximately $870 per person, before any court-approved payments for attorneys' fees and costs. *Id.*

While this payout may look modest, it is not out of the range of reasonableness given the facts and circumstances of this case. In negotiating the settlement, Plaintiff had to balance a number of significant risks in the litigation that would be presented if the case were to go forward. While all class actions carry a high degree of risk, there are two significant risks in this specific case that could make any monetary recovery in this lawsuit incredibly difficult, if not impossible. First, SVTC had filed a well-documented request for exemption from the WARN Act with the DIR, and the DIR has previously granted at least two similar requests. *Id.*, Exs. 2, 3. If the DIR were to grant SVTC's request, that could provide a complete defense to liability on all Class Members' claims. And, even if the DIR were to ignore SVTC's request, SVTC could still submit the same evidence to the Court in support of a motion for summary judgment or at trial. *Id.*, ¶ 8.

Second, SVTC is insolvent and liquidating. SVTC's Assignment proceedings and strained financial situation mean that even if Plaintiff were to prevail at trial, obtaining and enforcing any judgment (even a default judgment) in this matter would be nearly impossible. This is demonstrated by

the fact that other creditors of SVTC may not be receiving any payments on their claims in SVTC's Assignment. *Id.*, ¶¶ 7-8. Likewise, in Plaintiff's counsel's prior experience with two WARN lawsuits that ended up in Chapter 7 bankruptcy akin to the Assignment and liquidation SVTC is going through, unsecured creditors received nothing and the lawsuits were dismissed. *Id.*, ¶ 8. Given these circumstances, any monetary recovery for Class Members is a successful result here. For these reasons, Class Counsel believe that the proposed Settlement will provide significant and valuable benefits to each Class Member upon final approval—benefits which each Class Member may not have otherwise received. *Id.*, ¶ 9.

Given the favorable terms of the Settlement and the manner in which these terms were negotiated, the Settlement should be viewed, at least preliminarily, as well within the range of reasonableness. This Court should grant preliminary approval of the Settlement, order dissemination of notice to the Class Members and proceed to a formal fairness hearing.

**2. This Settlement is Also Fundamentally Fair, Adequate, and Reasonable**

The Court need not determine at this stage whether the Settlement should be finally approved as fair, adequate and reasonable. However, the parties will ask the Court to conclude at the Fairness Hearing, for the reasons set forth below and other reasons which may be presented to the Court prior to the Fairness Hearing, that the Settlement is fair, adequate and reasonable. The facts supporting final approval likewise support preliminary approval.

The Court's role in evaluating a proposed settlement must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *Officers for Justice v. Civ. Serv. Comm'n of City and Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) (holding that "it must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution," which is "especially true in complex class action litigation"). The Court must balance several factors to determine whether a class action settlement is fair, adequate and reasonable. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375-76 (9th Cir. 1993). "These factors are not exclusive, and one factor may deserve more weight than the others depending on the circumstances":

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

(1) the strength of the plaintiff's case;

(2) the risk, expense, complexity, and likely duration of further litigation;

(3) the risk of maintaining class action status throughout the trial;

(4) the amount offered in settlement;

(5) the extent of discovery completed and the stage of the proceedings;

(6) the experience and views of counsel;

(7) the presence of a governmental participant; and

(8) the reaction of the class members to the proposed settlement.

*Gribble*, 2008 WL 5281665, at *6-7 (quoting *Torrisi*, 8 F.3d at 1375-76); *Quevedo*, 2005 WL 3783455, at *11-13 (granting final approval of WARN Act class settlement).

Whether a governmental participant will emerge is unlikely and the reactions of the Class Members to the proposed Settlement are not known at this time. However, the factors which can be assessed at this stage demonstrate the fairness, adequacy and reasonableness of the Settlement.

While Plaintiff firmly believes his claims are legitimate and is prepared to take the case through class certification and trial, SVTC has asserted and documented an affirmative defense that, if established, would defeat the WARN Act claims in their entirety, severely limit the class size and/or severely limit the damages available to the Class Members. Further, as stated above, given the liquidation of SVTC, even if Plaintiff were to prevail through class certification and trial, there may be no viable entity from which to obtain and pay a judgment on Class Members' claims. George Decl., ¶¶ 7-8. However, the proposed Settlement provides Class Members with a substantial and certain recovery rather than the uncertainty, expense and delay resulting from continuing litigation. Class Counsel have assessed the risks of establishing liability and obtaining damages versus the benefits provided in the proposed Settlement and concluded that the Settlement is in the best interests of the Class Members. *Id.*, ¶ 9.

**3. Plaintiffs Are Entitled to Reasonable Attorneys' Fees and Costs**

The WARN Act provides that prevailing plaintiffs are entitled to a reasonable attorney's fee to be paid by the defendant, and costs of the action. 29 U.S.C. 2104(a)(6); Cal. Lab. Code § 1404. Plaintiff's counsel will be filing a separate motion for attorneys' fees and costs pursuant to Rule 23(h) with their

precise amount of attorneys' fees and costs requested. Although permitted under the agreement to seek 25% of the fund, Class Counsel have already incurred fees well in excess of this amount, and will incur additional fees to complete the Settlement. George Decl., ¶ 11. Plaintiff will also file his motion for attorneys' fees within 30 days of the mailing of the class notice to afford Class Members a full opportunity to comment or object in advance of the objection deadline. *In re: Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 991 (9th Cir. 2010). The fee motion will show that the attorneys' fees provided under the Settlement are fair and reasonable under both the lodestar and percentage of the fund approaches to awarding fee requests in similar cases. Moreover, the fees requested are commensurate with the overall relief obtained and there are no indicia that the fees were negotiated at the expense of Class Members.

In sum, given the favorable terms of the settlement and the manner in which these terms were negotiated, the proposed Settlement should be preliminarily viewed as a fair, reasonable, and adequate compromise of the issues in dispute. The Court should therefore grant preliminary approval of the settlement, order dissemination of notice to the Class for comment, and proceed to a formal fairness hearing.

**C. The Court Should Order Dissemination of Class Notice as Proposed**

The federal rules require that class members be given reasonable notice of any proposed settlement. When a Rule 23(b)(3) class has been certified, the Court should "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See* Fed. R. Civ. P. 23(e)(1), 23(c)(2)(b). The notice proposed here will provide the Class Members with individual notice by first-class mail, and thus satisfy the requirements of due process. *See Wright v. Linkus Enter., Inc.*, 259 F.R.D. 468, 475 (E.D. Cal. July 29, 2009).

A notice provided to class members should "clearly and concisely state in plain, easily understood language" the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the Court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members." Fed. R. Civ. P. 23(c)(2)(b). The proposed class notice and opt-out

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

notice forms comply with those requirements. *See* Exs. B & C to the Settlement Agreement. These notices clearly and accurately inform the Class Members of the material terms of the Settlement and their rights pertaining to it. *Id.* The Parties therefore request that the Court approve the Class Settlement Notices and Opt-Out Notice Forms and direct that the notices be disseminated to the Class Members as proposed.

**D. The Court Should Set a Schedule for Final Approval**

The next steps in the settlement approval process are to notify the Class Members of the proposed Settlement, allow Class Members an opportunity to Opt Out or file any objections, and hold a final approval hearing. To that end, the parties propose the following schedule:

| | |
|---|---|
| Deadline to disseminate the WARN Settlement Notice: | No later than 10 business days after entry of Preliminary Approval Order |
| Deadline for Plaintiffs to file an application for attorneys' fees and reimbursement of expenses ("Fee Application"): | 30 days after notice is mailed |
| Deadline for Class Members to Opt Out or file Objections to the settlement and Fee Application: | 45 days after notice is mailed |
| Deadline for Class Counsel to file declaration verifying completion of notice procedure and identifying Class Members who Opted Out: | 14 days prior to Fairness Hearing |
| Deadline for any party to file a reply in support of the Settlement, response to any objections, and for Class Counsel to file a reply in support of the Fee Application: | 14 days prior to Fairness Hearing |
| Fairness Hearing: | No earlier than 90 days after preliminary approval is granted |

/ / /

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the accompanying order granting preliminary approval of the proposed Settlement.

Respectfully submitted,

Dated: May 3, 2013

**GIRARD GIBBS LLP**

By: /s/ Matthew B. George

Eric Gibbs
Matthew B. George
Scott Grzenczyk
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

*Attorneys for Individual and Representative Plaintiff Hoa Tran*