Eric H. Gibbs (California Bar No. 178658)
Matthew B. George (California Bar No. 239322)
Scott Grzenczyk (California Bar No. 279309)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:     (415) 981-4800
Facsimile:      (415) 981-4846
ehg@girardgibbs.com
mbg@girardgibbs.com
smg@girardgibbs.com

Counsel for Individual and Representative Plaintiff Hoa Tran

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOA TRAN, | CASE NO: 5:12-CV-04970-EJD |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| SVTC TECHNOLOGIES, INC.; SVTC SOLAR, INC.; SVTC TECHNOLOGIES, LLC, | **DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendants. | Judge:        Edward J. Davila<br>Date:         July 12, 2013<br>Time:         9:00 a.m.<br>Courtroom:  4 |

I, MATTHEW B. GEORGE, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am an associate in the law firm of Girard Gibbs LLP, counsel for Plaintiff Hoa Tran in this proposed class action against SVTC.

2. I am familiar with the file, the documents, and the history related to this case. The following statements are based on my personal knowledge and review of the files in this case and, if called on to do so, I could and would testify competently thereto. I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Motion"). Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Settlement Agreement. The Settlement Agreement has four (4) exhibits: Exhibit A - a proposed order granting preliminary approval; Exhibit B – the proposed class notice; Exhibit C – the proposed opt-out form; and Exhibit D – a proposed final approval order.

3. My firm was retained by Hoa Tran and 42 other former employees of SVTC to investigate and prosecute WARN Act claims arising from the mass layoffs SVTC conducted in September 2012. On September 24, 2012, Plaintiff Tran filed this proposed class action alleging violations of the federal and California WARN Acts as a result of the layoffs occurring at SVTC's operations in San Jose, California and Austin, Texas. On October 17, 2012, SVTC answered Plaintiff's Complaint.

4. During an initial conference of counsel in December 2012, I learned that SVTC had filed a request to the state of California's Department of Industrial Relations ("DIR") seeking an exemption from the WARN Act based on SVTC's defense that it was actively seeking capital that would have prevented or delayed the layoffs, also sometimes referred to as the "faltering company" defense. SVTC produced a copy of that filing, which contained testimony from Jack Sexton, SVTC's Chief Financial Officer and Bryce Dakin, managing director of investment banking firm, GCA Savvian Advisors, who were involved with SVTC's efforts to obtain investors and funding. While produced on an informal basis, this information contained the same documents and testimony supporting SVTC's affirmative defenses that Plaintiff would have otherwise sought through formal discovery. The parties agreed to continue the Rule 26 meeting and original case management conference to permit review of SVTC's

1  filing with the DIR, obtain more information about SVTC's wind-down, and to allow the parties some
2  time to explore the possibility of settlement.  A true and correct copy of SVTC's October 31, 2012,
3  request for exemption from the WARN Act to the California DIR is attached hereto as **Exhibit 2**.  The
4  two supporting declarations and exhibits thereto are quite voluminous and are not submitted herewith,
5  but can also be provided to the Court upon request.

6       5.    I reviewed SVTC's application to the DIR for an exemption to the WARN Act, and the
7  four published letter opinions from the DIR on the same issue.  Two of the published letter opinions,
8  granting Anderson Truss Company and Telscape Communications, Inc., exemptions from the WARN
9  Act, are attached hereto as **Exhibit 3**.

10       6.    On or about October 22, 2012, Plaintiff was notified that SVTC Technologies, LLC, had
11  commenced an assignment for the benefit of creditors ("Assignment") under California law to
12  California Assignments, LLC ("Assignee").  A true and correct copy of the October 22, 2012, notice
13  Plaintiff's counsel received is attached as **Exhibit 4**.  The notice stated that SVTC's Assignment was
14  encumbered by a nearly $20 million secured loan from Wells Fargo bank and that the Austin, Texas
15  facility had been sold to Novati Technologies, Inc., an affiliate of Tezzaron Semiconductor
16  Corporation.  Plaintiff's counsel was also informed through contacts with class members and press
17  reports that most, if not all, of the SVTC employees from Austin, Texas, were re-hired by Novati
18  Technologies, Inc., in connection with that sale.  In December 2012, Plaintiff's counsel received and
19  reviewed an update from the Assignee regarding the continued liquidation of SVTC and the sale of its
20  solar division.  The notice also stated that SVTC had operating losses of $16 million in 2012.  A true
21  and correct copy of the Assignee's December 13, 2012, notice is attached as **Exhibit 5**.

22       7.    In order to obtain more information regarding the Assignment, I had a conference call on
23  January 10, 2013, with Geoffrey Berman, a representative of the Assignee, and his counsel, Michael
24  Goldstein of Stutman, Treister & Glatt.  During the call we discussed SVTC's Assignment, issues
25  relating to potential creditors, and was informed that the Assignee would not likely have funds to pay
26  any potential unsecured creditors due to the burden of the secured loan with Wells Fargo.

27       8.    With SVTC's DIR exemption request pending and the Assignee's liquidation
28  proceedings moving forward, the parties continued to discuss a possible settlement for the

2

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

approximately 130 employees laid off from SVTC in San Jose, California.  In negotiating the settlement, Plaintiff had to balance a number of significant risks in the litigation that would be presented if the case were to go forward.  While all class actions carry a high degree of risk, there are two significant risks in this specific case that could make any monetary recovery for class members in this lawsuit incredibly difficult, if not impossible.  First, SVTC had filed a well-documented request for exemption from the WARN Act with the DIR, and the DIR has previously granted at least two similar requests.  If the DIR were to grant SVTC's request, that could provide a complete defense to liability on all class members' claims.  And, even if the DIR were to ignore SVTC's request, SVTC could still submit the same evidence to the Court in support of a motion for summary judgment or at trial.  Second, SVTC is insolvent and liquidating.  The Assignment proceedings and strained financial situation meant that even if Plaintiff were to prevail at trial, obtaining and enforcing any judgment (even a default judgment) in this matter would be nearly impossible.  In my prior experience I have represented plaintiffs in over a half-dozen WARN Act lawsuits, and in each of them there have been issues of insolvency.  In two previous matters, when the Defendant entered a Chapter 7 liquidation bankruptcy, which is akin to the Assignment process under California law, we have not been able to obtain any monetary relief for the former employees because, as here, the companies did not have enough money to pay their secured creditors in full, and the secured claims have priority over the claims of employees and trade creditors.  By contrast, in a Chapter 11 reorganization bankruptcy, former employees have a much better chance of litigating a WARN Act case through to judgment or obtaining a settlement because the defendant company is still operating while it is restructuring its debt.

9. Keeping these risk factors in mind, the parties ultimately negotiated a settlement of $117,500, which will provide each class member a monetary payment, on average, of $870 per person, before any court awarded payments for attorneys' fees and costs.  While I have estimated based on the payroll data SVTC has produced that the full potential value of the employees' claims would be between $1-2 million, as stated above, there are significant risks if Plaintiff were to proceed with the case, and severe impediments to collecting any judgment of that size.  Based on my experience litigating similar class actions, including those under the WARN Act, and my familiarity with the facts and issues in this litigation, I believe that the settlement reached in this case is fair, reasonable, and

3

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

1  adequate, and recommend it without reservation as in the best interest of the class who would otherwise
2  likely take nothing given the circumstances presented.

3       10.     Girard Gibbs is an AV-rated law firm based in San Francisco, California. The firm has a nationwide practice that focuses on complex and class action litigation involving consumer fraud, product defects, securities violations, and employment law violations, among other things. Girard Gibbs represents individual consumers, small businesses, large corporations and public pension funds. Girard Gibbs has a particularly strong track record protecting the rights of consumers, investors, and employees. The firm has successfully challenged some of the nation's largest and most powerful corporations, representing millions of individuals across the United States in class action lawsuits and combatting a variety of unlawful business practices. We have represented employees in over a half-dozen WARN Act class actions, recovering over $10 million for employees on their WARN Act claims in *Cabreros, et al. v. Spansion, Inc., et al.* Case no. 09-50409-KJC (D. Del. Bankr. Ct.) and *Justice, et al. v. Fleetwood Enterprises, Inc., et al.* Adversary Case No. 6:09-ap-01114-MJ (C.D. Cal. Bankr. Ct.) We are familiar with the applicable law and will devote the time and resources necessary to properly represent the proposed class. A copy of Girard Gibbs's current firm résumé showing the firm's experience in complex and class action litigation is attached as **Exhibit 6**.

      11.     To date, Plaintiff's counsel have spent over 125 hours litigating this case, including meeting and communicating with clients, drafting the pleadings and status reports to the Court, reviewing the discovery produced by SVTC, conducting research, and negotiating and documenting the settlement. Plaintiff's current lodestar of attorneys' fees is over $55,000, and will increase in order to fully implement the settlement. If the settlement is preliminarily approved, Plaintiff will file a motion requesting attorneys' fees in the amount of no more than 25% of the settlement fund, or $29,375, as well as costs of litigation. To date, Plaintiff's counsel have incurred costs of $1,241.76. Plaintiff's counsel have also retained a notice administrator, Gilardi & Co., who will administer the settlement and distribute the settlement checks to class members for approximately $5,000. Plaintiff's counsel will seek reimbursement of these, and any additional limited costs, from the settlement fund in connection with their motion for attorneys' fees.

4
DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:12-CV-04970-EJD

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed on May 3, 2013, in San Francisco, California.

                                                  Respectfully submitted,

Dated: May 3, 2013                     **GIRARD GIBBS LLP**

                                                  By:   /s/ Matthew B. George

                                                  Eric Gibbs
                                                  Matthew B. George
                                                  Scott Grzenczyk
                                                  601 California Street, 14th Floor
                                                  San Francisco, California 94108
                                                  Telephone:  (415) 981-4800
                                                  Facsimile:  (415) 981-4846

                                                  *Attorneys for for Individual and Representative Plaintiff Hoa Tran*