Eric H. Gibbs (California Bar No. 178658)
Matthew B. George (California Bar No. 239322)
Scott Grzenczyk (California Bar No. 279309)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846
ehg@girardgibbs.com
mbg@girardgibbs.com
smg@girardgibbs.com

*Counsel for Individual and Representative Plaintiff Hoa Tran*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA TRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SVTC TECHNOLOGIES, INC.; SVTC SOLAR, INC.; SVTC TECHNOLOGIES, LLC,<br><br>　　　　　Defendants. | Case No: 5:12-cv-04970-EJD<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:　　　Edward J. Davila<br>Date:　　　　July 12, 2013<br>Time:　　　　9:00 a.m.<br>Courtroom:　4 |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1   Upon consideration of the *Motion for Preliminary Approval of Settlement of Class Action* (the
2   "Motion") filed by Plaintiff Hoa Tran in the above-captioned case seeking preliminary Court approval of
3   the parties' settlement of this action (the "Settlement") on the terms set forth in the *Compromise and*
4   *Settlement Agreement* (the "Settlement Agreement"), and the Declaration of Matthew B. George filed in
5   support thereof, and having reviewed and considered the terms and conditions of the proposed
6   Settlement as set forth in the Settlement Agreement, a copy of which has been submitted with the
7   Motion and the terms of which are incorporated in this Order; and no opposition to the Motion having
8   been submitted; and the Court having jurisdiction to consider the Motion and the relief requested therein
9   in accordance with 28 U.S.C. §§ 1331 and 1367, as well as 29 U.S.C. §§ 2102, 2104(a)(5), and and
10  venue being proper before the Court pursuant to 28 U.S.C. § 1391(b) and (c), and Section 2104 of the
11  WARN Act; and upon the hearing on the Motion and after due deliberation, and good and sufficient
12  cause appearing therefore;
13  **IT IS HEREBY ORDERED:**
14  1.   Capitalized terms used in this Order that are not otherwise identified herein have the
15  meaning assigned to them in the Settlement Agreement.
16  2.   The terms of the Settlement Agreement are hereby preliminarily approved, subject to
17  further consideration at the Fairness Hearing provided for below.  The Court concludes that the
18  Settlement is sufficiently within the range of reasonableness to warrant the preliminary approval of the
19  Settlement, conditional certification of the WARN Class, the scheduling of the Fairness Hearing, and the
20  mailing of notice to WARN Class Members, each as provided for in this Order.
21  3.   The Court preliminarily finds, for purposes of settlement only, that the requirements of
22  Rule 23(a) of the Federal Rules of Civil Procedure appear to be satisfied:  (1) the WARN Class is
23  sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact
24  common to the WARN Class; (3) the claims or defenses of Plaintiff Tran are typical of the claims or
25  defenses of the WARN Class Members; and (4) Plaintiff Tran will fairly and adequately protect the
26  interests of the WARN Class Members.
27
28

2

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

4. The Court preliminarily finds, for purposes of settlement only, that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure appear to be satisfied: (1) questions of law or fact common to the WARN Class Members predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**Conditional Certification of the WARN Class**

5. For purposes of settlement only, the WARN Action is conditionally certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure as a class action on behalf of the WARN Class, defined as follows:

> All persons who were employed by SVTC in San Jose, California and were terminated on or within 45 days of September 28, 2012, without receiving a full 60 days' notice in advance of their termination.

6. For the purpose of facilitating the settlement, the Court designates Plaintiff Tran as the Class Representative.

7. For the purpose of facilitating the settlement, the Court designates Girard Gibbs LLP as Class Counsel.

8. The conditional certification of the WARN Class and designation of the Class Representatives and Class Counsel are solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the class and designation of the Class Representative and Class Counsel shall be void and of no further effect, and the parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted in the WARN Action.

9. The Court approves the retention by Class Counsel of Gilardi & Co. as the Claims Administrator.

3

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

10. The Court approves the WARN Settlement Notice, attached as Exhibit B to the Settlement Agreement and the WARN Opt-Out Notice Form, attached as Exhibit C to the Settlement Agreement.

**Form and Timing of Notice**

11. Not later than ten (10) business days after the entry of this Order, Class Counsel shall cause copies of the Settlement Notice and Opt-Out Notice Form, substantially in the form of Exhibit B and Exhibit C to the Settlement Agreement, to be mailed by first-class mail, postage pre-paid, to all WARN Class Members through the notice procedure described in the Settlement Agreement.

12. At least fourteen (14) calendar days prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement attesting to compliance with the service of the Settlement Notice and Opt-Out Notice Form as set forth above.

13. The Court finds that the notice to be provided by first class mail as set forth in this Order is the best means of providing notice to the Class Members, is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

**Ability of Class Members to Opt Out of the Settlement Class**

14. All Class Members who wish to Opt Out of the WARN Class must follow the procedures set forth in the Class Notice and Opt-Out Notice Form. At least fourteen (14) calendar days prior to the Fairness Hearing, Class Counsel shall file a sworn statement by the setting forth the names and addresses of each member of the WARN Class Member who elected to Opt Out.

15. Any WARN Class Member who does not properly and timely Opt Out from the Settlement shall be included in the WARN Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Release of Claims described therein, whether or not such person shall have objected to the

4

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Settlement and whether or not such person makes a claim upon, or participates in, the settlement fund or the other benefits to the WARN Class to be provided under the Settlement Agreement.

**Fairness Hearing; Right to Appear and Object**

16. A hearing (the "Fairness Hearing") shall take place before this Court, at 280 South 1st Street, San Jose, California, Courtroom 4, 95113, on [ADD], 2013 *[at least 90 days after the date the Court Grants Preliminary Approval of Class Action Settlement]* to determine:

    a. Whether the Court should permanently certify the WARN Class and whether the Plaintiff and Class Counsel have adequately represented the class;

    b. Whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable and adequate;

    c. Whether the WARN Action should be dismissed with prejudice;

    d. Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the WARN Action against the Released Parties in the Agreement;

    e. Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved; and

    f. Such other matters as the Court may deem necessary or appropriate. The Court may finally approve the Settlement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

17. Class Counsel shall serve and file their application for attorneys' fees and costs and their application for the payment of Service Payments to the WARN Class Representatives by not later than _____, 2013 [*30 days after notice is mailed*].

18. Any objection to the Settlement or any matter to be considered at the Fairness Hearing must be in writing and mailed to the addresses below not more than forty-five (45) calendar days after Class Counsel mails the Settlement Notice to the Class Members ("Objection Deadline"). The Objection Deadline shall be specified in the Settlement Notice. Any written objection must also be

1  served by the Objection Deadline, either by hand delivery or by first-class mail, postage prepaid, to the
2  following counsel:

**THE COURT:**

Hon. Edward J. Davila
United States District Court
Northern District of California
280 South 1st Street, Courtroom 4
San Jose, California 95113

**CLASS COUNSEL:**

Eric H. Gibbs, Esq.
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, California 94108
(415) 981-4800

**SVTC'S COUNSEL:**

Gerald T. Hathaway
Mitchell Silberberg & Knupp LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028

19. Any WARN Class Member who has not Opted Out, and any other interested person, may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Fairness Hearing. However, no person shall be heard, and no papers, briefs or other submissions shall be submitted unless such person mails a notice of intention to appear at the Fairness Hearing, along with a statement setting forth such person's objections, if any, to the matter to be considered and the basis for the objections to the Court and Class Counsel by the deadline set forth in the Notice.

20. Any responses to any written objections to the Settlement and any other matter in support of Final Approval of the Settlement and Plaintiff's Motion for attorneys' fees and costs shall be filed with the Court not later than fourteen (14) calendar days prior to the Fairness Hearing.

21. The Court may adjourn the Fairness Hearing, including the consideration of the application for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Fairness Hearing or any adjournment thereof.

**IT IS SO ORDERED.**

DATED: _____ 2013        _____
                                    Edward J. Davila
                                    U.S. District Judge