Eric H. Gibbs (California Bar No. 178658)
Matthew B. George (California Bar No. 239322)
Scott Grzenczyk (California Bar No. 279309)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:    (415) 981-4800
Facsimile:     (415) 981-4846
ehg@girardgibbs.com
mbg@girardgibbs.com
smg@girardgibbs.com

Counsel for Individual and Representative Plaintiff Hoa Tran

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA TRAN,<br><br>               Plaintiff,<br><br>        v.<br><br>SVTC TECHNOLOGIES, INC.; SVTC SOLAR, INC.; SVTC TECHNOLOGIES, LLC,<br><br>               Defendants. | CASE NO: 5:12-CV-04970-EJD<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Judge:       Edward J. Davila<br>Date:        December 6, 2013<br>Time:        9:00 a.m.<br>Courtroom:  4 |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND.......................................... 1

      A.    SVTC Ceases Business Operations in September 2012 ........................ 1

      B.    Plaintiff Files A Complaint Alleging SVTC Violated The WARN Act........................... 2

      C.    SVTC Liquidates Its Business Due To Insolvency................................. 2

      D.    SVTC Answers Plaintiff's Complaint And Seeks A WARN Act Exemption From The State of California ........................... 3

      E.    The Parties Conduct Informal Discovery and Reach a Proposed Settlement .................... 3

      F.    Class Notice Is Distributed ..................................................................... 5

III.  ARGUMENT ....................................................................................................... 5

      A.    Plaintiffs' Motion For Attorneys' Fees And Costs ............................... 5

            1.    The Percentage Method Is Commonly Employed with a "Bench Mark Rate" of 25% ............................ 5

            2.    A Fee of 25 Percent of the Fund Is Appropriate in this Case ............................... 6

                  a.    A 25% Fee Award Is Consistent with Similar Cases and is at or Below the Market Rate........................ 6

                  b.    The Contingent Nature of the Case and the Financial Burden Carried by Plaintiff's Counsel ........................ 7

                  c.    The Result Achieved In Light of the Case's Risks and Difficulty ............ 8

                  d.    The Time and Labor Involved ...................................................... 9

                  e.    The Quality and Efficiency of the Work....................................... 9

                  f.    The Complexity of This Action's Factual and Legal Questions and Counsel's Experience in Complex Litigation ........................... 10

      B.    Class Counsel's Expenses are Reasonable and Necessary for the Litigation and Should be Reimbursed ........................... 10

IV.   CONCLUSION.................................................................................................... 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

1

2

# TABLE OF AUTHORITIES

**Federal Cases**

*Boeing Co. v. Van Gemert*
    444 U.S. 472 (1980)......................................................................................................... 6

*Fischel v. Equitable Life Assur. Soc'y of U.S.*
    307 F.3d 997 (9th Cir. 2002) ...................................................................................... 5, 8

*Gunter v. Ridgewood Energy Corp.*
    223 F.3d 190 (3rd Cir. 2000) ......................................................................................... 8

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ....................................................................................... 6

*Harris v. Marhoefer*
    24 F.3d 16 (9th Cir. 1994) ........................................................................................... 10

*Hensley v. Eckerhart*
    461 U.S. 424 (1983)......................................................................................................... 8

*In re M.D.C. Holdings Secs. Litig.*
    1990 WL 454747 ............................................................................................................ 7

*In re Oracle Secs. Litig.*
    852 F. Supp. 1437 (N.D. Cal. 1994) .............................................................................. 7

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*
    19 F.3d 1291 (9th Cir. 1994) ..................................................................................... 7, 8

*Six Mexican Workers v. Arizona Citrus Growers*
    904 F.2d 1301 (9th Cir. 1990) ................................................................................. 6, 10

*Staton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) ......................................................................................... 6

*Vizcaino v. Microsoft Corp.*
    290 F.3d 1043 (9th Cir. 2002) ....................................................................................... 6

*Winterrowd v. American General Annuity Ins. Co.*
    556 F. 3d 815 (9th Cir. 2009) ........................................................................................ 9

**Federal Statutes**

29 U.S.C. § 2102(b)(1) ........................................................................................................ 3

29 U.S.C. § 2104 ................................................................................................................. 5

29 U.S.C. § 2104(a)(6) ........................................................................................................ 1

F. R. Civ. P. 23(h) ............................................................................................................... 5

**State Statutes**

Code Civ. Proc. §§ 1800-1802............................................................................................. 3

Code Civ. Proc. §§ 493.010-493.060.................................................................................. 3

Lab. Code § 1402.5(a)(1)..................................................................................................... 3

Lab. Code § 1404 ............................................................................................................ 1, 5

ii

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2    Plaintiff Hoa Tran, on his own behalf and on behalf of all other persons similarly situated ("Class

3 Members"), hereby moves this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure as well

4 as the federal and California WARN Acts, 29 U.S.C. § 2104(a)(6) and California Labor Code § 1404,

5 for the entry of an order approving an award of attorneys' fees and costs to Class Counsel.  Plaintiff

6 provides the following memorandum in support of this motion:

7 **I.**  **INTRODUCTION**

8    On August 9, 2013, the Court issued an order granting preliminary approval of a settlement that

9 fully resolves a class action brought by Plaintiff against Defendants SVTC Technologies, Inc., SVTC

10 Solar, Inc., and SVTC Technologies, LLC (collectively "SVTC"), for damages relating to the

11 termination of their employment.  The case asserts claims against SVTC for alleged violations of the

12 federal Worker Adjustment and Retraining Notification Act ("the WARN Act"), 29 U.S.C. section 2100,

13 *et seq.* and California Labor Code section 1400, *et seq.* (the "California WARN Act").  The settlement

14 reached in this action provides compensation to 135 of SVTC's former employees relating to the

15 termination of their employment.  SVTC has agreed to pay $117,500 to resolve this class action, which

16 includes a court approved award of attorneys' fees and costs sought in this motion.  Notice of the

17 settlement has been distributed to Class Members and the parties are set to appear on December 6, 2013,

18 for a fairness hearing.  For purposes of facilitating the settlement, the Court has appointed the law firm

19 of Girard Gibbs LLP as Class Counsel.

20 **II.**  **FACTUAL AND PROCEDURAL BACKGROUND**

21    **A.  SVTC Ceases Business Operations in September 2012**

22    SVTC developed and manufactured semiconductor and solar panel products, specializing in

23 nanotechnology development and commercialization.[1]  SVTC maintained its corporate headquarters

24 and a development and manufacturing facility in San Jose, California where it employed approximately

25 130 employees.  In 2012, SVTC experienced financial problems that ultimately led to a decision to

26

---

27 [1] Many of the factual statements stated herein were supported by documents submitted along with the
  George Declaration in Support of Preliminary Approval.  Dkt. # 17, Attachment #2.

28

close the business.  As a result, SVTC issued WARN Act notices to employees on September 18, 2012, stating that their jobs would be terminated between November 17 and December 1, 2012.  However, SVTC could not keep the employees that long and after a series of layoffs, all were let go by September 28, except for some who worked in early October to assist in the wind-down of the San Jose facility.

### B.  Plaintiff Files A Complaint Alleging SVTC Violated The WARN Act

Plaintiff Tran was employed as an Equipment Technician Specialist at SVTC's San Jose facility.  After being notified of his imminent termination, Plaintiff filed this proposed class action on September 24, 2012, alleging that SVTC violated both the federal and California WARN Acts, 29 U.S.C. § 2101, *et seq.*, and California Labor Code § 1400, *et seq.*, as a result of its shut down of operations and the accompanying layoffs.  Dkt. # 1.  Plaintiff, whose last day of work was September 28, 2012, alleged that he and the other laid off employees should have been provided 60 days of advance notice prior to their terminations and that they were owed damages in the form of 60 days of wages, benefits, attorneys' fees, and costs of suit.  *Id.*

In general terms, the federal WARN Act requires that an employer that conducts a "mass layoff" or plant closing resulting in the termination of 50 or more employees must provide the employees with 60 days' advance notice of termination.  *See* 29 U.S.C. §§ 2101-2102.  A "mass layoff" occurs when a reduction in force results in the loss of employment of at least 50 employees and at least 33% of the employer's workforce.  *Id.* § 2101(a)(3).  The California WARN Act requires that any employer which has more than 75 employees and which conducts a "mass layoff," defined as "a layoff during any 30-day period of 50 or more employees" or a "termination," defined as the "cessation or substantial cessation of industrial or commercial operations," must provide 60 days' notice to the employees prior to their termination.  Cal. Lab. Code §§ 1400-1401.  Plaintiff alleges SVTC violated both the federal and California WARN Acts by shutting down its operations in San Jose, California, resulting in employees losing their jobs without proper notice or severance pay.

### C.  SVTC Liquidates Its Business Due To Insolvency

After closing its doors, SVTC began liquidating its business due to insolvency.  On or about October 15, 2012, SVTC Technologies, LLC, executed a general assignment for the benefit of creditors ("Assignment") in favor of California Assignments, LLC ("Assignee").  Declaration of Matthew George

2

("George Decl."), ¶ 6; Cal. Code Civ. Proc. §§ 493.010-493.060; 1800-1802.  An Assignment is similar to a Chapter 7 bankruptcy proceeding but instead of the United States Bankruptcy Court overseeing the liquidation, it is handled privately and California law applies.  SVTC's Assignment was severely impacted by an outstanding $20 million secured loan to Wells Fargo Bank and SVTC's substantial operating losses.

**D.   SVTC Answers Plaintiff's Complaint And Seeks A WARN Act Exemption From The State of California**

On October 17, 2012, SVTC answered the allegations in Plaintiff's Complaint and asserted a number of affirmative defenses, including the statutory defense available under the WARN Act often referred to as the "faltering company" defense.  George Decl., ¶ 5; Cal. Lab. Code § 1402.5(a)(1); 29 U.S.C. § 2102(b)(1).  In accordance with that defense, on October 31, 2012, SVTC, submitted a formal request to the California Department of Industrial Relations ("DIR") to be exempted from the WARN Act.  SVTC's request contended that it was seeking investors, financing and capital at the time WARN Act notice should have been provided in July 2012 that would have saved the business or delayed the layoffs.  SVTC also contends that if WARN Act notice had been provided to employees in July 2012 it would have ruined its negotiations with prospective investors and customers.  In support of its application, SVTC submitted declarations of Jack Sexton, SVTC's Chief Financial Officer, and Bryce Dakin, managing director of investment banking firm, GCA Savvian Advisors, who were involved with SVTC's efforts to obtain funding, as well as hundreds of documents.  George Decl., ¶¶ 5, 15.

**E.  The Parties Conduct Informal Discovery and Reach a Proposed Settlement**

In December 2012, at an early conference of counsel, Plaintiff learned that SVTC had filed a formal request for exemption from the WARN Act with the DIR.  *Id*., ¶ 5.  Accordingly, the parties agreed to continue the Rule 26 meeting and original case management conference to permit review of SVTC's filing with the DIR, obtain more information about SVTC's Assignment, and to allow the parties some time to explore the possibility of settlement.  *Id*.  Accordingly, Plaintiff's counsel reviewed SVTC's filing as well as prior opinion letters from the DIR granting other companies similar requests for WARN Act exemptions.  *Id*., ¶¶ 5-8.  SVTC's comprehensive filing with the DIR contained the same documents and testimony Plaintiff would have sought in formal discovery, providing Plaintiff with

3

sufficient information to reliably assess the merits of the respective Parties' positions.  *Id.*, ¶ 5.

Plaintiff's counsel also had a meeting with the Assignee and its counsel to obtain more information

about SVTC's liquidation and outstanding creditors.  *Id.*, ¶¶ 6-7.  Plaintiff was informed that with the

outstanding secured debt to Wells Fargo and the company's other debts and operating losses, it was

unlikely any creditors other than Wells Fargo were going to be paid through the Assignment. *Id.*

Plaintiff's informal discovery efforts provided sufficient information about SVTC's affirmative

defenses and its financial situation necessary to evaluate the risks of continued litigation and whether a

settlement would be in the best interests of the class.  Accordingly, the parties negotiated a proposed

settlement fund of $117,500, which will provide compensation to each member of the proposed class

without them having to file a claim.  *Id.*, Ex. 1.  The salient terms of the Settlement Agreement are as

follows:

- In exchange for the Class Members' release of the settled claims, SVTC will pay $117,500, which amount includes attorneys' fees and costs, including the costs of administration of the Settlement, as may be awarded by the Court.

- Plaintiff's counsel will provide notice of the Settlement to the Class Members, who shall have a right to opt out of the Settlement Agreement.  If any Class Member timely and properly opts out then that Class Member's rights and obligations will be unaffected by this Settlement Agreement and that Class Member shall have the same rights and obligations as he or she would have had if the lawsuit had never been filed and this Settlement Agreement had never been executed.

- Each Class Member will have his or her potential WARN Act claim calculated using a formula that will take into account that Class Member's rates of pay and the Class Member's date of termination.  Each WARN Settlement Class Member will then be entitled to a payment of a pro rata amount of the settlement fund based on the relationship his or her claim bears to the aggregate of the total of the Class Members' claims.

- Class Members will **not** have to file claims to obtain their settlement checks.

- Class Counsel retained Gilardi & Co., Inc. (the "Claims Administrator") to facilitate the administration of the Settlement and distribution of the Settlement Amount.  The Claims Administrator will establish a "Qualified Settlement Fund" to effectuate the distribution of the Settlement Amount as provided by the Settlement Agreement and the orders of the Court.

- SVTC has agreed not to oppose Class Counsel's request for attorneys' fees not to exceed 25% of the settlement fund ($29,375), and costs, including the costs of administration of the Settlement, not to exceed $7,500.  The Settlement Administrator's fee is capped at $5,000.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

1  On August 9, 2013, the Court gave preliminary approval to the terms of the parties proposed settlement.

2  Dkt. ## 21, 22.

3         **F.  Class Notice Is Distributed**

4         On August 19, 2013, Class Counsel mailed the court approved form of class notice to Class

5  Members.  George Decl., ¶ 10.  Class Members have until October 4, 2013, to request exclusion or

6  object to the settlement.  As of the date of this filing, Class Counsel has received no objections to the

7  settlement and no requests for exclusion.  *Id.*  Prior to the fairness hearing, Class Counsel will file a final

8  report with any exclusions and will address any objections to the settlement or this fee application.

9  **III.   ARGUMENT**

10        **A.     Plaintiffs' Motion For Attorneys' Fees And Costs**

11        Having obtained a favorable settlement, Class Counsel now respectfully request attorneys' fees

12 amounting to 25% of the settlement amount, or $29,375, plus $7,325.15 in litigation expenses incurred.

13 To date, Plaintiffs' counsel have invested over 145 hours of attorney time, payment for which has been

14 wholly contingent on a favorable result for the class.  George Decl., ¶ 12.  The proposed fee award is

15 consistent with the terms of the Settlement Agreement and the award sought is significantly less than the

16 current lodestar amount of $71,000.  *Id.*  The requested costs and expense reimbursement of $7,325.15

17 includes the amount of Class Counsel's litigation-related expenses as well as the costs associated with

18 Settlement Administration.  *Id.*, ¶ 16.

19        **1.     The Percentage Method Is Commonly Employed with a "Bench Mark**
               **Rate" of 25%**
20

21        "In a certified class action the court may award reasonable attorney's fees and non-taxable costs

22 that are authorized by law or by the parties' agreement." F. R. Civ. P. 23(h).  Here, Plaintiff's fee

23 application is "authorized by law" in at least two respects.  First, "[w]hen counsel recover a common

24 fund which confers a 'substantial benefit' upon a class of beneficiaries, they are entitled to recover their

25 attorney's fees from the fund." *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th

26 Cir. 2002).  Second, having obtained a settlement for the classes in this case, Plaintiffs' counsel are

27 entitled to reasonable attorneys' fees under the WARN Act's fee shifting provisions.  *See* 29 U.S.C. §

28 2104; Cal. Lab. Code § 1404.  For such attorneys' fee awards, the United States Court of Appeals for the

Ninth Circuit has repeatedly affirmed the use of the percentage method for calculating a reasonable fee. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("there is no preclusion on recovery of common fund fees where a fee-shifting statute applies."). When the percentage method is employed, courts in the Ninth Circuit generally deem 25% to be the "benchmark rate." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002). "[A]ttorneys' fees sought under a common fund theory should be assessed against every class members' share, not just the claiming members." *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480 (1980)).

Where appropriate and possible, compensating counsel on a percentage basis generally makes good sense. The method aligns Class Counsel's interests with those of the class, creating a strong incentive to maximize the possible recovery in a prompt and efficient manner. Here, Class Counsel obtained a monetary settlement fund under difficult circumstances due to the insolvency of SVTC that benefits the class. Using the 25% bench mark rate, Class Counsel's fee award amounts to $29,375. Consistent with the terms of the Settlement Agreement, Plaintiffs request an attorney fee award in that amount. George Decl., Ex. 1 at ¶ A.5 (Settlement Agreement).

### 2. A Fee of 25 Percent of the Fund Is Appropriate in this Case

The circumstances surrounding the litigation and settlement of this case establish the propriety of the fee and costs requested.

#### a. A 25% Fee Award Is Consistent with Similar Cases and is at or Below the Market Rate

Attorneys' fee awards of 25% or more of the common fund are prevalent in the Ninth Circuit and are consistent with awards in similar cases. Plaintiff's counsel has been previously awarded 25% of the common fund by the Central District of California Bankruptcy Court in a WARN Act lawsuit against a similarly insolvent defendant. *Justice, et al., v. Fleetwood Enterprises, Inc., et al.*, Adv. Case No. 09-ap-01114-MJ (Bankr. C.D. Cal.) [Dkt. #57]; George Decl., ¶ 18. The Northern District of California Bankruptcy Court has even awarded 30% in a WARN Act case when the settlement was $3 million. *Gan v. Northpoint Communications Group, Inc.*, Adv. No. 01-3107-TC (Bankr. N.D. Cal.); *see also*

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

1  *Caouette v. National RV Holdings, Inc.*, Adv. No.: 6:07-01305-PC (approving 33% in a common fund

2  settlement of a WARN Act case) [Dkt. # 52].

3       Twenty-five percent of the common fund is also well within the range of reasonableness that has

4  been repeatedly approved by courts throughout the country in WARN Act settlements.  *See Cabreros*

5  *and Refuerzo v. Spansion*, Adv. No.: 09-50409-KJC (Bankr. D. Del. 2010) (approving attorneys' fees of

6  25% of priority claims of $8.5 million settlement fund);  *In re Consolidated Freightways Corp.*, Case

7  No. 02-24284 MG (Bankr. C.D. Cal. 2002) (approving attorney's fees in the amount of 33% of the

8  fund); *In re Oakwood Homes Corp.*, Adv. Pro. No. 03-52178 (Bankr. D. Del. 2002) (awarding 33%); *In*

9  *re Charter Behavioral Health Sys., LLC*, Adv. Pro. No. 00-562 (Bankr. D. Del. 2001) (awarding 33%);

10 *In re Preston Trucking*, Case. No. 99-59994, (Bankr. D. Md. 1999) (awarding 33%); *In re Matchlogic*,

11 Case No. 01-32495-TC, (Bankr. N.D. Cal. 2001) (awarding 33%); *In re Living.com*, Case No. 00-12523

12 (Bankr. W.D. Tex. 2000) (awarding 33%); and *In re Value America*, Case No. 00-02269-WA3 (Bankr.

13 W.D. Va. 2000) (awarding 33%).

14      In addition, 25% is lower than or equal to the rates reflected in the private marketplace, which is

15 a result encouraged by the courts.  *See In re Oracle Secs. Litig.*, 852 F. Supp. 1437, 1450 (N.D. Cal.

16 1994) ("The object in awarding a reasonable attorney's fee is to give the lawyer what he would have

17 gotten … in an arm's length negotiation, had one been feasible").  "In private contingent litigation, fee

18 contracts have traditionally ranged between 30% and 40% of the total recovery."  *In re M.D.C. Holdings*

19 *Secs. Litig.*,1990 WL 454747, at *7.  Here, Class Counsel have been retained by 42 Class Members,

20 nearly one-third of the whole class.  George Decl., ¶ 4.  The private contingency agreements with those

21 Class Members provide for Class Counsel to recover 35% of any award.  *Id*.  Thus, the 25% actually

22 sought is this motion is substantially less and therefore provides the Class Members with a greater share

23 of the total settlement fund.

24          **b.      The Contingent Nature of the Case and the Financial Burden Carried
                       by Plaintiff's Counsel**

25

26      The Court should also consider the contingent nature of counsel's fee.  *In re Wash. Pub. Power*

27 *Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).  "[I]n the common fund context, attorneys

28 whose compensation depends on their winning the case, must make up in compensation in the cases they

win for the lack of compensation in the cases they lose." *Id*. at 1300-01; *accord Fischel*, 307 F.3d at 1008 ("In common fund cases, there is no concern about financially burdening a defendant to compensate for the risk of nonpayment . . . .  In such cases, the plaintiffs 'should share the wealth with the lawyers whose skill and effort helped create it.'").

Plaintiff's counsel here routinely evaluate requests for representation.  By agreeing to represent a Plaintiff on a contingency fee against an insolvent defendant, Plaintiff's counsel took a significant risk that no settlement would be obtained and no fee would be recovered.  The settlement fund was negotiated for the class with that risk in mind and its acquisition has provided certainty to the Class Members seeking compensation.  Plaintiff's counsel respectfully suggest that the 25% fee requested here fairly compensates counsel for the substantial risks they assumed in representing the Class and for the outcome they obtained.

c.        **The Result Achieved In Light of the Case's Risks and Difficulty**

The result achieved in light of the risks involved is a major factor to be considered in approving a fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  In this case, it would be inappropriate to consider the "result achieved" apart from the context of the case and, more specifically, the risks counsel assumed by choosing to represent this class.  *See Fischel*, 307 F.3d at 1008 ("It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment.").

Considering SVTC's financial situation at the time the lawsuit was filed, the acquisition of any settlement fund for the Plaintiff and class was far from inevitable.  Thus, even if Plaintiff was able to overcome SVTC's "faltering company" statutory defense on the WARN Act claims, there was a substantial risk that there would not be any funds to pay the judgment.  *See Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 199 (3rd Cir. 2000) (the risk of non-payment was present due in part to defendants being "close to insolvency.")  The Settlement Agreement must be viewed in this context and therefore viewed as an indisputably successful result for the Plaintiff and Class Members.  *See In re Xcel Energy, Inc.*, 364 F. Supp. 2d 980, 994 (D. Minn. 2005) ("risks plaintiffs' counsel faced must be assessed as they existed in the morning of the action, not in light of the settlement ultimately achieved at the end of the day").

8

### d.       The Time and Labor Involved

Plaintiff's counsel have expended significant resources to investigate, litigate, and ultimately settle this case.  To date, Girard Gibbs has devoted over 145 hours to this litigation, exclusive of time spent preparing this fee application.  *See* George Decl., ¶ 12.  This total is comprised of the time spent on investigation, informal discovery, factual and legal research, and negotiating and drafting the settlement papers.  *Id*., ¶ 14.  Class Counsel have also spent a substantial amount of time communicating with Class Members about the progress of the litigation and SVTC's liquidation.  In addition to responding to discrete inquiries, Plaintiff's counsel have sent Class Members regular email updates regarding the status of the case including the settlement.  *Id*.  The work performed by Class Counsel is summarized in the George Declaration submitted with this motion and Class Counsel can provide the Court with detailed billing records in the event the Court should wish to review them.  *See Winterrowd v. American General Annuity Ins. Co.*, 556 F. 3d 815, 827(9th Cir. 2009) ("Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.")  Class Counsel will continue to dedicate time to finalize and distribute the settlement and answer Class Members' inquiries.  George Decl., ¶ 14.

Although this motion requests an award of attorney fees based on the percentage method, it is noteworthy that the requested award is less than half of what counsel might have received following a lodestar approach.  Based on the number of hours worked, the lodestar figure would amount to over $71,000.  George Decl., ¶ 14.  Considering this lodestar cross-check is more than two times the fee sought the Court can be confident that amount of attorneys' fees Plaintiff's counsel is seeking is reasonable.

### e.       The Quality and Efficiency of the Work

Plaintiffs respectfully submit that the quality and efficiency of their work supports the fee application.  Class Counsel pursued this case vigorously and achieved a fair result under the difficult circumstances.  Class Counsel have done so in an efficient and skilled manner, effectively using their experience prosecuting complex class actions, labor and employment cases, and prior WARN Act litigation against insolvent defendants.  *Id*. at ¶ 18, Ex. 2.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

**f.     The Complexity of This Action's Factual and Legal Questions and Counsel's Experience in Complex Litigation**

The instant motion is further buttressed by the complex nature of the procedural and substantive issues raised in this case. *Six Mexican Workers*, 904 F.2d at 1311. Class actions are inherently complex. This case was even more so, due to the formidable statutory "faltering company" defense asserted by SVTC under the WARN Acts and the financial situation of the Defendants. Class Counsel's experience and knowledge in similar cases was instrumental in facilitating a thorough yet expeditious analysis of the case and in moving the case toward a swift settlement capable of compensating the Class Members. In sum, the complexities of this case as well as Class Counsel's extensive experience support granting the instant motion.

**B.     Class Counsel's Expenses are Reasonable and Necessary for the Litigation and Should be Reimbursed**

Class Counsel seek reimbursement for the out-of-pocket expenses incurred throughout the litigation, totaling $7,325.15 incurred through the date that cost and expenses were tabulated for this Motion which is just shy of the $7,500 amount contemplated by the Settlement Agreement. Counsel's expenses are summarized in the George Declaration submitted herewith but generally include filing fees, legal research, telephone and postage charges, and the $5,000 in costs for Settlement Administration. George Decl., ¶ 16. Class Counsel bid out the settlement administration costs to a number of class action settlement administrators and ultimately obtained a settlement administration fee capped at $5,000, which is less than the expected costs of actual settlement distribution. *Id.*, Ex. 3. To determine whether costs are compensable, courts typically look to whether the costs are of the type typically billed by attorneys to paying clients in the marketplace. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'"). The categories of expenses for which Plaintiff's counsel seek reimbursement here are categories normally charged to hourly clients and, therefore, should be reimbursed out of the common fund.

IV.     **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Motion by entering an order approving an award of attorneys' fees in the amount of $29,375 (25% of the $117,500 settlement fund) and approving the reimbursement for costs of litigation and settlement administration expenses in the amount of $7,325.15.

Respectfully submitted,

Dated: September 19, 2013            **GIRARD GIBBS LLP**

By:   _/s/ Matthew B. George_
Eric Gibbs
Matthew B. George
Scott Grzenczyk
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

*Attorneys for Individual and Representative*
*Plaintiff Hoa Tran*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD