1  Eric H. Gibbs (California Bar No. 178658)
2  Matthew B. George (California Bar No. 239322)
   Scott Grzenczyk (California Bar No. 279309)
3  **GIRARD GIBBS LLP**
   601 California Street, 14th Floor
4  San Francisco, CA 94108
   Telephone:     (415) 981-4800
5  Facsimile:     (415) 981-4846
6  ehg@girardgibbs.com
   mbg@girardgibbs.com
7  smg@girardgibbs.com
8
   Counsel for Individual and Representative Plaintiff Hoa Tran
9

10                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
11

12  HOA TRAN,                              CASE NO: 5:12-CV-04970-EJD

13               Plaintiff,                **CLASS ACTION**

14        v.

15  SVTC TECHNOLOGIES, INC.; SVTC SOLAR,   **DECLARATION OF MATTHEW B.**
    INC.; SVTC TECHNOLOGIES, LLC,          **GEORGE IN SUPPORT OF PLAINTIFF'S**
16                                         **MOTION FOR ATTORNEYS' FEES AND**
                                           **COSTS**
17               Defendants.

18                                         Judge:      Edward J. Davila
19                                         Date:       December 6, 2013
                                           Time:       9:00 a.m.
20                                         Courtroom:  4

21

22

23

24

25

26

27

28

I, MATTHEW B. GEORGE, declare as follows:

1.      I am an attorney licensed to practice in the State of California.  I am an associate in the law firm of Girard Gibbs LLP, counsel for Plaintiff Hoa Tran in this proposed class action against SVTC.

2.      I am familiar with the file, the documents, and the history related to this case.  The following statements are based on my personal knowledge and review of the files in this case and, if called on to do so, I could and would testify competently thereto.  I submit this declaration in support of Plaintiff's Motion for Attorneys' Fees and Costs ("Motion").  Specifically, Class Counsel are seeking 25% of the Settlement Fund in attorneys' fees ($29,375) and reimbursement of $7,325.15 in litigation expenses.  This declaration is divided into three sections.  First, I provide the factual and procedural background of the case.  Second, I set forth the hours worked on this matter by my law firm and details about the work performed.  Third, I provide a list of my firm's qualifications and representative cases in which attorneys' fees have been awarded to my firm.

3.      Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' Settlement Agreement.  Paragraph A.5 permits Plaintiff to request the attorneys' fees and costs requested in this Motion.  The four (4) exhibits to the settlement agreement, including the class notice, were previously filed with the Court and are not being re-filed herewith.

## Factual and Procedural Background

4.      My firm was retained by Hoa Tran and 42 other former employees of SVTC to investigate and prosecute WARN Act claims arising from the mass layoffs SVTC conducted in September 2012.  The private contingency fee agreements with those Class Members provide for Class Counsel to recover 35% of any settlement or judgment in this matter.  On September 24, 2012, Plaintiff Tran filed this proposed class action alleging violations of the federal and California WARN Acts as a result of the layoffs occurring at SVTC's operations in San Jose, California and Austin, Texas.  On October 17, 2012, SVTC answered Plaintiff's Complaint.

5.      During an initial conference of counsel in December 2012, I learned that SVTC had filed a request to the state of California's Department of Industrial Relations ("DIR") seeking an exemption from the WARN Act based on SVTC's defense that it was actively seeking capital that would have

1

1    prevented or delayed the layoffs, also sometimes referred to as the "faltering company" defense.  SVTC

2    produced a copy of that filing, which contained testimony from Jack Sexton, SVTC's Chief Financial

3    Officer and Bryce Dakin, managing director of investment banking firm, GCA Savvian Advisors, who

4    were involved with SVTC's efforts to obtain investors and funding.  While produced on an informal

5    basis, this information contained the same documents and testimony supporting SVTC's affirmative

6    defenses that Plaintiff would have otherwise sought through formal discovery.  The parties agreed to

7    continue the Rule 26 meeting and original case management conference to permit review of SVTC's

8    filing with the DIR, obtain more information about SVTC's wind-down, and to allow the parties some

9    time to explore the possibility of settlement.

10          6.      On or about October 22, 2012, Plaintiff was notified that SVTC Technologies, LLC, had

11   commenced an assignment for the benefit of creditors ("Assignment") under California law to

12   California Assignments, LLC ("Assignee").  The notice stated that SVTC's Assignment was

13   encumbered by a nearly $20 million secured loan from Wells Fargo bank and that SVTC's Austin,

14   Texas facility had been sold to Novati Technologies, Inc., an affiliate of Tezzaron Semiconductor

15   Corporation.  In December 2012, Plaintiff's counsel received and reviewed an update from the

16   Assignee regarding the continued liquidation of SVTC and the sale of its solar division.  The notice also

17   stated that SVTC had operating losses of $16 million in 2012.

18          7.      In order to obtain more information regarding the Assignment, I had a conference call on

19   January 10, 2013, with Geoffrey Berman, a representative of the Assignee, and his counsel, Michael

20   Goldstein of Stutman, Treister & Glatt.  During the call we discussed SVTC's Assignment, issues

21   relating to potential creditors, and was informed that the Assignee would not likely have funds to pay

22   any potential unsecured creditors due to the burden of the secured loan with Wells Fargo.

23          8.      With SVTC's DIR exemption request pending and the Assignee's liquidation

24   proceedings moving forward, the parties continued to discuss a possible settlement for the

25   approximately 130 employees laid off from SVTC in San Jose, California.  In negotiating the

26   settlement, Plaintiff had to balance a number of significant risks in the litigation that would be

27   presented if the case were to go forward.  While all class actions carry a high degree of risk, there are

28   two significant risks in this specific case that could make any monetary recovery for class members in

2

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

this lawsuit incredibly difficult, if not impossible.  First, SVTC had filed a well-documented request for exemption from the WARN Act with the DIR, and the DIR has previously granted at least two similar requests.  If the DIR were to grant SVTC's request, that could provide a complete defense to liability on all class members' claims.  And, even if the DIR were to ignore SVTC's request, SVTC could still submit the same evidence to the Court in support of a motion for summary judgment or at trial. Second, SVTC is insolvent and liquidating.  The Assignment proceedings and strained financial situation meant that even if Plaintiff were to prevail at trial, obtaining and enforcing any judgment (even a default judgment) in this matter would be nearly impossible.  In my prior experience I have represented plaintiffs in over a half-dozen WARN Act lawsuits, and in each of them there have been issues of insolvency.  In two previous matters, when the defendant entered a Chapter 7 liquidation bankruptcy, which is akin to the Assignment process under California law, we have not been able to obtain any monetary relief for the former employees because, as here, the companies did not have enough money to pay their secured creditors in full, and the secured claims have priority over the claims of employees and trade creditors.  By contrast, in a Chapter 11 reorganization bankruptcy, former employees have a much better chance of litigating a WARN Act case through to judgment or obtaining a settlement because the defendant company is still operating while it is restructuring its debt.

9.      Keeping these risk factors in mind, the parties ultimately negotiated a settlement of $117,500, which will provide each class member a monetary payment, on average, of $870 per person, before any court awarded payments for attorneys' fees and costs.  While I have estimated based on the payroll data SVTC has produced that the full potential value of the employees' claims would be between $1-2 million, as stated above, there are significant risks if Plaintiff were to proceed with the case, and severe impediments to collecting any judgment of that size.  Based on my experience litigating similar class actions, including those under the WARN Act, and my familiarity with the facts and issues in this litigation, I believe that the settlement reached in this case is fair, reasonable, and adequate, and recommend it without reservation as in the best interest of the class who would otherwise likely take nothing given the circumstances presented.

10.     On May 3, 2013, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement.  Dkt. # 17.  On August 9, 2013, the Court held a hearing and granted the motion.  Dkt. ##

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

21 & 22.  The Court set a final fairness hearing for December 6, 2013.   In accordance with the Court's order and the Settlement Agreement, on August 19, 2013, Plaintiff's counsel mailed a copy of the approved form of notice to 135 Class Members.  Prior to mailing the class notice, we asked the Settlement Administrator, Gilardi & Co., to run the class list through a change of address database to obtain the most recent addresses for Class Members.  We are also working with the Settlement Administrator to obtain more current addresses for four notices that were returned as undeliverable.  We have re-mailed three of those returned notices to updated or alternate addresses.  To date, Plaintiff's counsel have not received any opt-outs or objections to the settlement.  The deadline for Class Members to request exclusion or object to the settlement or Plaintiff's Motion for Attorneys' Fees and Costs is October 4, 2013.

### Girard Gibbs Staffing and Lodestar Breakdown

11.     Girard Gibbs is an AV-rated law firm based in San Francisco, California.  The firm has a nationwide practice that focuses on complex and class action litigation involving consumer fraud, product defects, securities violations, and employment law violations, among other things.  Girard Gibbs represents individual consumers, small businesses, large corporations and public pension funds. Girard Gibbs has a particularly strong track record protecting the rights of consumers, investors, and employees.  The firm has successfully challenged some of the nation's largest and most powerful corporations, representing millions of individuals across the United States in class action lawsuits and combatting a variety of unlawful business practices.  We have represented employees in over a half-dozen WARN Act class actions, recovering over $10 million for employees on their WARN Act claims in *Cabreros, et al. v. Spansion, Inc., et al.* Case no. 09-50409-KJC (D. Del. Bankr. Ct.) and *Justice, et al. v. Fleetwood Enterprises, Inc., et al.* Adversary Case No. 6:09-ap-01114-MJ (C.D. Cal. Bankr. Ct.) We are familiar with the applicable law and have devoted the time and resources necessary to properly represent the proposed class.  A copy of Girard Gibbs's current firm résumé showing the firm's experience in complex and class action litigation is attached as **Exhibit 2**.

12.     As of September 11, 2013, Plaintiff's counsel have spent over 145 hours litigating this case, exclusive of any hours drafting this fee application.  Plaintiff's current lodestar of attorneys' fees is over $71,000, and will increase in order to fully implement the settlement.  I have worked on this

matter since its inception and to prepare this fee application I reviewed my firm's time records, all of which have been maintained contemporaneously since we began working on this matter.  In reviewing the time records, I removed any duplicate entries and removed entries of timekeepers who had less than five billable hours.  I believe that the lodestar and hours reported in this declaration are reasonable, particularly in light of the settlement of this litigation.

13.     As indicated in the chart below, the overwhelming majority of the work in this case was done by myself and a junior associate Scott M. Grzenczyk.  We staffed this case economically and our lodestar is based on the following work allocation among the primary litigation team on the case:

- Dylan Hughes–A junior partner, Mr. Hughes, runs our case investigation and discovery efforts.  In this case, Mr. Hughes assisted in the initial investigation of the case and the overall litigation strategy.  I consulted with Dylan when making strategic decisions for the case due to his knowledge of the facts and experience in similar cases.

- Matthew B. George–I am a senior associate who primarily handles employment-related matters.  I had an integral role in all aspects of the case from its outset including the initial investigation and meetings with clients.  I took the lead on all discussions with defense counsel, reviewed the informal discovery produced by SVTC, conducted legal research regarding its "faltering company" affirmative defense, conferred with the primary point persons regarding SVTC's liquidation, and negotiated and drafted the settlement agreement and preliminary approval motion.

- Scott M. Grzenczyk–Mr. Grzenczyk is a junior associate who began working on the litigation at its outset.  He conducted legal research and drafted the initial complaint.  Mr. Grzenczyk also communicated regularly with Class Members throughout the litigation by phone and email to advise them on the status of the case and answer any questions they had.  He also handled the preliminary approval hearing.

14.     Below is a chart setting forth each attorney who billed time to this case as well as the number of hours worked and their billing rates:

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

| Attorney | Total Hours | Billing Rate | Lodestar |
|----------|-------------|--------------|----------|
| Dylan Hughes | 5.00 | $570.00 | $2,850.00 |
| Matthew B. George | 103.00 | $515.00 | $53,045.00 |
| Scott M. Grzenczyk | 34.29 | $375.00 | $12,858.75 |
| C. Tucker Cottingham | 9.40 | $300.00 | $2,820.00 |
| TOTAL | | | $71,573.75 |

If requested by the Court, we can provide our billing records for *in camera* review.

15.     To help illustrate the work that reasonably had to be done in this case to obtain the settlement, I now summarize the activities performed by the attorneys on the matter which make up the lodestar above:

- **Investigation and filing:**  We promptly pursued our investigation into SVTC's layoffs after being contacted by an affected employee.  Mr. Grzenczyk and I spoke with a few employees about the number of potential layoffs and the overall structure of the company to determine if the WARN Act had been violated.  We also met in person with about two dozen of the Class Members in San Jose, conducted the legal research and drafted and filed the complaint.

- **Class Outreach and Communications:**  As is common in WARN Act cases, after meeting Plaintiff Tran and some of the other Class Members, we were eventually contacted by 60 of the employees that were laid off, and 42 of them retained our law firm.  We were available to answer their questions about the WARN Act and the lawsuit, and also obtained documents and information from them that could be useful in discovery or later stages of the case.  We also reviewed some of the employees' severance agreements that were proffered by SVTC but never paid due to its liquidation.  We maintained tracking spreadsheets containing Class Members' most recent contact information and sent regular email updates to keep them informed about the important developments in the case, including on or about September 26, 2012, December 21, 2012, May 3, 2013, and August 12, 2013.

- **SVTC's Assignment:**  SVTC answered the complaint and began its Assignment proceedings in October 2012.  Although liquidation is not uncommon in WARN Act

6

cases, SVTC's election under California state law to undertake an Assignment for the benefit of creditors, rather than file for Chapter 7 or 11 bankruptcy in federal court raised a number of legal and procedural issues that had to be researched, such whether an automatic stay would be entered and the process for filing claims or pursuing litigation in an Assignment proceeding.  Mr. Cottingham from our office conducted much of this legal research and I did some as well.  As part of our research I reviewed SVTC's financial statements, consulted with a bankruptcy trustee, and eventually conferred with SVTC's assignee and his counsel.

- **Informal Discovery and Further Investigation:**  After learning from defense counsel that SVTC had applied to the state of California for an exemption to the WARN Act, we received and reviewed a copy of that filing.  SVTC's exemption request contained a lengthy letter setting forth SVTC's legal arguments, two declarations, and hundreds of pages of exhibits that contained emails, presentations regarding potential investors, and internal financial information.  This testimony and documents was essentially the same discovery that would have been sought from the SVTC under the Federal Rules.  In addition to reviewing these documents, I conducted legal research into case law interpreting the "faltering company" defense and reviewed and analyzed the state of California's opinion letters on the same issue.

- **Settlement:**  After I investigated SVTC's assignment process and reviewed its factual and legal support for its affirmative defense, we began negotiating a settlement.  I drafted the initial Settlement Agreement and negotiated the final terms with defense counsel after receiving defense counsel's comments on the original draft.  I also drafted the exhibits to the Settlement Agreement, including the class notice, the proposed orders and final judgment.  While we negotiated the settlement, we drafted and filed stipulations with the Court to defer the initial case management conference and to keep the Court informed regarding the status of the settlement.  The settlement also raised some peculiar issues that took time to deal with.  For example, because SVTC had liquidated, I worked with Class Members to locate and speak with a former executive

7

who had relocated to obtain basic compensation data necessary to calculate settlement distributions.  Once I had the data I reviewed it, calculated potential damages and developed a distribution methodology that is now part of the Settlement Agreement.  We also had to resolve tax issues presented before the agreement could be finalized because SVTC was no longer a going concern.

- **Preliminary Approval:**  With the Settlement Agreement finalized, I drafted the preliminary approval motion which required additional legal research and a detailed declaration setting forth the procedural history of the case.  We filed the motion on May 3, 2013, and promptly sent an email update to Class Members.  Mr. Grzencyk prepared for and attended the preliminary approval hearing telephonically.  Once Plaintiff's motion was granted, we prepared and finalized the class notice for distribution, and worked with the Settlement Administrator to provide the data necessary to distribute the settlement. If the Settlement Agreement is given final approval, counsel will spend additional time executing the settlement and conferring with Class Members.

16.     In addition to expending the time and efforts described above on behalf of the class, Girard Gibbs also reasonably and necessarily incurred $7,325.15 in litigation expenses, for which we are requesting reimbursement.  The expenses include things such as filing fees, process servers, courtesy copies, postage for mailing notice, legal research, and meetings with clients.  The most significant expense is the $5,000 cost for the Settlement Administrator, Gilardi & Co.  I obtained multiple bids from settlement administrators and because of the modest amount of the settlement, I took extra time to negotiate a fixed, capped bid of $5,000 which was the lowest I could get.  A true and correct copy of Gilardi & Co.'s proposed bid for settlement administration is attached as **Exhibit 3**. The following chart details the amounts expended category:

| Category | Amount |
|----------|--------|
| Court fees | $350.00 |
| Process service | $332.50 |
| Printing and copying | $522.00 |
| Long distance calls | $1.94 |
| Messenger, overnight delivery, postage | $151.64 |

8

| Category | Amount |
|---|---|
| Research | $634.37 |
| Travel and food | $332.70 |
| Settlement Administration | $5,000.00 |
| **TOTAL** | **$7,325.15** |

**Girard Gibbs's Qualifications and Representative Cases In Which
Courts Have Awarded Girard Gibbs Attorneys' Fees**

17.     Girard Gibbs LLP represents plaintiffs in a broad range of cases, including employment, pharmaceutical and medical device litigation, as well as consumer class actions. We have achieved significant recoveries on behalf of our clients, and have served as court-appointed lead counsel, class counsel and liaison counsel in numerous class and collective actions in state and federal courts, and in arbitration actions, throughout the United States.

18.     My firm's hourly rates have been regularly approved by courts and tribunals throughout the United States, including the Northern District of California.  Girard Gibbs also has substantial experience successfully prosecuting class and collective actions for violations of state and federal employment laws, including the FLSA, state and federal WARN Acts, and state law claims for unpaid reimbursements and off-the-clock work, and misclassification claims.  A selection of our relevant cases is summarized below:

- *Mitchell, et al., v. Acosta, Inc*., Case No. 11-01796-GAF-OP (C.D. Cal.): Working with co-counsel, we recently obtained a $9.9 million settlement on behalf of 7,000 "merchandisers" who claimed the defendants failed to pay them for pre- and post-shift work and failed to reimburse them for all of their work related expenses such as mileage. On September 9, 2013, Judge Feess of the Central District gave final approval to the parties' settlement and also awarded class counsel 30% of the settlement fund for attorneys' fees.  Dkt. # 226.

- *De La Cruz v. Masco Retail Cabinet Group*, Case No. 11-160-01156-08 (AAA): Working with co-counsel, we litigated the collective claims of dozens of misclassified account representatives on their FLSA claims for overtime pay.  After hard fought litigation, we ultimately prevailed after a two-week class arbitration in Cincinnati, Ohio.  In August

9

2012, in a highly contested attorneys' fee application, the Arbitrator approved our attorneys' hourly rates, finding that they "reasonably reflect the rates that have been awarded to counsel in multijurisdictional class actions and to the Girard [and co-counsel] firms in particular." In his order awarding attorneys' fees, the Arbitrator also found "that the Girard [and co-counsel] firms represented their clients with great skill, competence, and dedication and that the rates sought are commensurate with the national market for counsel of this caliber as reflected in the quality of the representation provided."

- *Cabreros, et al., v. Spansion, LLC, et al.,* Adv. Case No. 09-10690-KJC (D. Del. Bankr. Ct.): Working with co-counsel, we achieved an $8.5 million dollar settlement that provided substantial payments to Spansion employees in California and Texas who had been terminated in February 2009 without the 60 days' notice required by the WARN Act. The Court approved attorneys' fees in June 2010. *See* Dkt. # 74.

- *Justice, et al., v. Fleetwood Enterprises, Inc., et al.,* Adv. Case No.09-ap-01114-MJ (C.D. Cal. Bankr. Ct.): Working with co-counsel, we achieved a settlement that provided $1.5 million in cash payments to laid off workers in Oregon and California for violations of their WARN Act rights and for failing to honor severance agreements. The Central District of California Bankruptcy Court approved our motion for a 25% attorneys' fees award in August 2010. *See* Dkt. # 57.

- *Smith v. Family Video Movie Club, Inc.*, Case No. 11-cv-01773 (N.D. Ill.): We represent 750 video rental store employees in a conditionally certified collective action alleging violations of the FLSA for unpaid off-the-clock work and failing to properly calculate overtime pay. The proposed class was conditionally certified in February 2012.

- *Estrada v. Tricor America*, Case No. 13-CIV-519688 (San Mateo Sup. Ct.): We represent "courier-drivers" in a recently filed proposed class alleging Tricor has failed to properly pay hundreds of immigrant driver-employees minimum wages and overtime.

- *Urbina v. The Scooter Store Holdings, Inc., et al.*, Case No. 13-10904-PJW (D. Del. Bankr. Ct.): We represent over 800 employees in a proposed class action alleging The

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

Scooter Store violated the federal WARN Act when it substantially ceased all operations at its Texas headquarters in early 2013.

- *Johns v. Panera Bread Company, et al*., Case No. 08-cv-1105-JCH (E.D. Mo.):  Achieved a class settlement that was approved in February 2009 on claims that Panera misclassified managers under California law.

20.     District Courts sitting in a number of jurisdictions, including the Northern District of California have awarded my firm attorneys' fees for our work and approved our hourly rates in a number of complex consumer class actions.  The following list provides a sample of those cases successfully litigated and resolved by Girard Gibbs:

- *Sugarman, et al., v. Ducati North America, Inc*., Case No. 5:10-cv-05246-JF (N.D. Cal.): In a suit alleging consumer fraud claims relating to the expansion of Ducati's motorcycle fuel tanks, we litigated and settled owners' claims for extended warranties that provided for tank-related repairs.  The court approved our fees in January 2012.  *See* Dkt. # 106 ("The Court has reviewed the parties' agreement, the evidence submitted by class counsel of the work performed in the case, and the time spent performing that work, and their hourly rates, and finds the parties' agreed-upon award of $835,000 to be reasonable.").

- *Parker, et al., v. Dish Network, LLC*, Case No. 11-cv-01457-PJH (N.D. Cal.): We settled customers' breach of contract and consumer protection claims relating to a rate increase for satellite television services in exchange for a future price guarantees and a selection of account credits, pay per view vouchers, and DVD rentals.  *See* Dkt. # 87 (finding "class counsel's hourly rates to be reasonable and in line with prevailing rates in the community for complex class action litigation…").

- In *Milano v. Interstate Battery System of America, Inc.*, et al., Case No. 4:10-CV-02125 (N.D. Cal.): Acting as sole class counsel, Girard Gibbs LLP reached a settlement that provided relief to consumers who had allegedly been injured by a battery manufacturer's warranty practices.  The court approved attorneys' fees in July 2012.

- *Mercedes-Benz Tele Aid Contract Litigation*, Case No. 07-CV-02720 (D.N.J.):  Working with several other firms, we achieved nationwide class certification and a settlement that

11

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

provided free technology upgrades to class members or $650 reimbursements to those who had already paid for an upgrade.  The court approved attorneys' fees in September 2011.  *See* Dkt. # 207 (finding "the hourly rates of co-lead and liaison counsel are reasonable in light of the prevailing market rate in the community for similar services by lawyers of reasonably comparable still, experience, and reputation.").

- *In re Pre-Filled Propane Tank Marketing and Sales Practices Litigation,* Case No. 4:09-cv-00465-GAF (W.D. Mo.): Working as lead counsel with other firms (including Stueve Siegel Hanson), we achieved settlement in class action alleging defendants engaged in anti-competitive conduct and consumer fraud when dominant pre-filled propane tank distributors simultaneously reduced the fill level  in their propane tanks without notifying consumers.  The court approved attorneys' fees after an *in camera* review of counsel' time records in October 2010.  *See* Dkt. # 164.

- *Parkinson v. Hyundai Motor America*, No. 06-CV-0345 (C.D. Cal.):  We served as co-class counsel in a lawsuit alleging Hyundai concealed a defect that caused early and repeated failure of the flywheel and clutch components on the 2003 Tiburon.  We achieved nationwide class certification, followed by a settlement that provided full reimbursements to class members for clutch and flywheel repairs through 50,000 miles and pro-rated reimbursements through 100,000 miles.  The court subsequently granted our application for attorneys' fees including work completed by the same attorneys whose fees were approved in *Browne* at the same hourly rates.  *See Parkinson*, No. 06-CV-345 (C.D. Cal. Sept. 14, 2010), Dkt. No. 330-1 (Order) (granting attorneys' fees after final approval of a class action settlement).

In sum, the variety of employment and consumer class actions Girard Gibbs has successfully litigated demonstrates that their attorneys' fees have been approved in District Courts in California, Missouri, Delaware, Tennessee, Texas, and New Jersey.  Other examples of our successful class actions can be found in the Girard Gibbs firm resume attached hereto as **Exhibit 2**.

21.     The hourly rates applied by my firm are the same as the regular current rates charged for our services in non-contingent matters and which have been accepted in other class action litigation.

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD

1   Girard Gibbs sets its hourly rates based on our review of the hourly rates charged by other plaintiffs'

2   attorneys in contingent class actions and those published in surveys conducted by the National Law

3   Journal.

4          I declare under penalty of perjury under the laws of the United States and the State of California

5   that the foregoing is true and correct.  Executed on September 19, 2013, in San Francisco, California.

7                                 By:    /s/ Matthew B. George

DECLARATION OF MATTHEW B. GEORGE IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. 5:12-CV-04970-EJD