Eric H. Gibbs (California Bar No. 178658)
Matthew B. George (California Bar No. 239322)
Scott Grzenczyk (California Bar No. 279309)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 981-4800
Facsimile:   (415) 981-4846
ehg@girardgibbs.com
mbg@girardgibbs.com
smg@girardgibbs.com

*Counsel for Individual and Representative Plaintiff Hoa Tran*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOA TRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SVTC TECHNOLOGIES, INC.; SVTC SOLAR, INC.; SVTC TECHNOLOGIES, LLC,<br><br>        Defendants. | Case No: 5:12-cv-04970-EJD<br><br>**[PROPOSED]** ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

Upon consideration of the *Motion for Approval of Settlement of Class Action* (the "Motion") filed by Plaintiff Hoa Tran in the above-captioned case seeking Court approval of the parties' settlement of this action (the "Settlement") on the terms set forth in the *Compromise and Settlement Agreement* (the "Settlement Agreement"), and the Declaration of Matthew B. George filed in support thereof, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement, a copy of which has been submitted with the Motion and the terms of which are incorporated in this Order; and no objection or opposition to the Motion having been submitted; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 1331 and 1367, as well as 29 U.S.C. §§ 2102, 2104(a)(5), and venue being proper before the Court pursuant to 28 U.S.C. § 1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5); and upon the hearing on the Motion and after due deliberation, and good and sufficient cause appearing therefore;

**THE COURT HEREBY ORDERS, FINDS AND ADJUDGES AS FOLLOWS:**

1. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.

**Class Notice**

2. The Court finds that due and proper notice of the Settlement was provided to Class Members, including notice of the right to object to the proposed Settlement, the right to object to Class Counsel's application for attorneys' fees and costs, the right to appear in person or by counsel at the Fairness Hearing and be heard and the right to Opt Out. The Court finds that the notice provided was the best means of providing notice to the WARN Class Members, was practicable under the circumstances and, constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1), and (h)(1).

3. The Court finds that no objections to the Settlement have been filed with the Court or received by Class Counsel or the Settlement Administrator.

**Certification of the WARN Class**

4. The Court finds that the requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied: (1) the WARN Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the WARN Class; (3) the claims or defenses of the WARN Class Representative are typical of the claims or defenses of the WARN Class Members; and (4) the WARN Class Representative will fairly and adequately protect the interests of the WARN Class Members.

5. The Court finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure are satisfied: (1) questions of law or fact common to the WARN Class Members predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The WARN Action is certified as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the WARN Class, defined as follows:

> All persons who were employed by SVTC in San Jose, California and were terminated on or within 45 days of September 28, 2012, without receiving a full 60 days' notice in advance of their termination.

7. All WARN Class Members shall be included in the WARN Class and shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the Release of Claims described therein.

**WARN Class Representatives and Class Counsel**

8. Plaintiff Hoa Tran is hereby designated as the WARN Class Representative.

9. Girard Gibbs LLP is hereby designated as Class Counsel.

**Settlement Agreement**

10. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved on a final basis pursuant to Federal Rule of Civil Procedure 23(e). Specifically, the Court approves in full the Settlement Agreement attached to the *Preliminary Settlement Motion* [Docket No. 17]. The Parties shall comply with and implement the Settlement Agreement according to its terms.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of the Settlement Agreement or this Order.

**Dismissal of Action**

12. This action is dismissed with prejudice in its entirety.
    The clerk shall close this file.

**IT IS SO ORDERED.**

DATED: December 6, 2013

_____
Edward J. Davila
U.S. District Judge